MARVEL C. WALTERS, Administratrix, etc., Plaintiff in Error, *v.* THE PEOPLE, on the relation of Nathan Beadles, Defendants in Error.

### ERROR TO FULTON.

*Possession and occupancy*, when applied to land, are nearly synonymous terms, and may exist through a tenancy. The definition of the word occupancy as given in a case between these parties in 18th Illinois, 194, approved.

*Occupancy of the "homestead,"* may be by means other than that of actual residence on the premises, by the widow or child.

*The abandonment of the homestead by a widowed mother,* would not ,prejudice the rights of the children.

THIS opinion of the court, was upon a rehearing of this cause, as reported on page 194 of the eighteenth volume of these Reports, where the facts are fully stated. The petition for a rehearing was filed by the defendants in error.

ROSS & SHOPE, for Plaintiff in Error.

GOUDY & JUDD, for Defendants in Error.

BREESE, J. The question to be determined is, how is the homestead to be occupied? In the opinion pronounced in this case, (18 Ill. R. 194,) a definition was given by the court of the term " occupancy," which we approve. " Occupancy " and " possession," when applied to land, are nearly synonymous, and may in contemplation of law, exist in the same manner by and through a tenancy.

In the case of *Kitchell* v. *Burgwin and Wife, ante,* p. 40, we have said, that the debtor himself, to have the benefit of the exemption of the homestead, must show that it is the actual residence of the family, but it is not necessary when a home, residence or settlement has once been acquired on lands, that there

should be continuous, actual occupation to secure the land from forced sale. If the citizen or family should leave in search of another home, the first would remain until the second should be acquired. If a husband remove his wife and family into another county, and without providing them a home, abandon his wife, she might again resume possession of the homestead.

Our act (Scates' Comp. 576,) provides, sec. 1, "That in addition to the property now exempt by law from sale under execution, there shall be exempt from levy and forced sale under any process or order from any court of law or equity in this State, for debts contracted from and after the fourth day of July, A. D. 1851, the lot of ground and the buildings thereon occupied as a residence, and owned by the debtor being a householder and having a family, to the value of one thousand dollars. Such exemption shall continue after the death of such householder, for the benefit of the widow and family, some or one of them continuing to occupy such homestead until the youngest child shall become twenty-one years of age, and until the death of such widow."

This requirement,—" some or one of them continuing to occupy such homestead," can, in our judgment, be fulfilled by means other than the actual residence by the widow or child, if there be one, on the lot or premises. It is evidently the intention of the act, to give the widow and family a home, which shall be not only her refuge in her affliction, but afford her means of support for herself and her children. Besides, great care is expressed for the children, by the provision that the exemption shall exist until the youngest shall become twenty-one years of age, making no distinction between males and females, to the latter of whom, the exemption is extended three years beyond their majority. Now by what process can this youngest child be deprived of the right secured to it by this act? Suppose it was a child at the breast, and an orphan, the mother having died also, would it be contended, that the little infant must actually reside on the lot? Would not occupancy of the premises by a tenant fulfill the requirements of the statute? How else could the infant enjoy the benefit of the exemption expressly given, until he or she shall become twenty-one years of age?

The widow in this case, became a mother after the death of her husband, and under the circumstances stated in the evidence, and whether that departure from her home was an actual abandonment or not without the *animus revertendi*, can make no possible difference, as it is not her alone but her infant child also, whose interests, raising, sustenance and life are involved, that are to be considered. She could do no act by which the child can be deprived of the right secured to it. Her abandonment of

the homestead could not prejudice it. Its rights do not depend upon her, nor can she waive them, or destroy them. In a just sense of the law then, she is considered as occupying for the benefit of her child as well as herself, though such occupancy may be by tenants.

We do not see any reason for disturbing the decision as already pronounced. We did think the timber tract of twenty-two acres ought in justice be exempted also, as necessary for fuel to support the homestead, but as the statute confines the exemption to one lot of ground only, and this is not adjoining, but a mile distant, it is difficult to say they constitute but one tract, and we have not the power so to decide. That tract will be sold to pay the debts, whilst the homestead tract of seventy-two and one-half acres, will be exempted for the benefit of the widow and her infant child. We adhere to the former decision of this court.