## ORMAN v. ORMAN.

1. Homestead: ABANDONMENT. Upon the death of the husband, the wife is entitled to continue in the occupancy of the homestead. If, however, she permanently abandons it as a homestead, it ceases to have that character, and she forfeits her right thereto, and becomes a tenant in common with the other heirs.

2. —— PRIMA FACIE ABANDONMENT. A petition which avers that the plaintiff, after the death of her husband, did not occupy the premises as a homestead, and that she is a non-resident of this State and a resident of another State, shows a *prima facie* case of abandonment.

3. Demurrer: CAUSE. A demurrer based upon a ground not included in the enumeration of causes contained in section 2876 of the Revision, should be overruled.

*Appeal from Monroe District Court.*

THURSDAY, JANUARY 28.

THE petition contains substantially the following averments as a cause of action. That John H. Orman, a resident of Monroe county, died July 4, 1866, his father having died in 1864; that at the time of his death he owned and occupied as a homestead a certain house and lot in Albia; that plaintiff is his mother, and defendant his widow; that after his death defendant did not reside

VOL. XXVI.— 46

upon nor occupy said property as a homestead, and that she is a non-resident of the State, and has become a resident of the State of Illinois, and has leased the said property, and received the sum of $160 for the rent thereof; that defendant is insolvent and owns no property in the State except her interest in the said house and lot, which has been sold on execution, the term of redemption, however, not having expired. Plaintiff asks judgment for $80, and for the appointment of a receiver to collect the rents of said property, and hold the same for distribution according to the order of the court.

Defendant demurred to the petition, raising thereby the question as to plaintiff's right to recover, and whether a proper case is made out for the appointment of a receiver. The court sustained the demurrer and rendered judgment thereon for defendant. Plaintiff appeals.

*Anderson & Dashiell* for the appellant.

*George J. North* for the appellee.

BECK, J. — Upon the death of John H. Orman his widow could have continued in the possession and occupancy of the property as her homestead. Rev. § 2295. If, however, she abandoned its occupancy as a homestead, it ceased to have that character and she will be deemed to have waived or forfeited her right thereto as a homestead. Such abandonment in order to forfeit the homestead right must be permanent; not a mere temporary absence, with an intention of returning to the occupancy of the property as a home. *Fyffe* v. *Beers*, 18 Iowa, 4; *Stewart* v. *Brand*, 23 id. 478.

1. HOMESTEAD: abandonment.

Upon the abandonment of the property as a homestead by defendant, she became a tenant in common with plaintiff, with equal rights to the profits thereof. Rev. §§ 2495-6;

1 Wash. R. P., 436. If she received the rents she is liable to plaintiff for the one-half that came into her hands.

Does the petition sufficiently show such an abandonment of the property as to forfeit defendant's homestead right therein? It is averred, that, after the death of her husband, she did not occupy the property as a homestead, and that she is a non-resident of the State and a resident of Illinois. Under a liberal construction of the petition authorized by Revision, section 2951, this must be held a sufficient averment of facts showing *prima facie* abandonment of the homestead. Probably defendant could have resided out of the State for the time shown in the petition, yet, on account of an *animus revertendi* would not have forfeited the right of homestead. It is not necessary, however, that the *animus revertendi* should be denied in the petition; if it existed it should have been averred by answer. The objections to the petition raised by the demurrer, that it does not sufficiently show plaintiff's interest in the property and negative defendant's homestead right therein are not well taken.

So far as the demurrer is aimed at the relief asked for by the appointment of a receiver, it should have been overruled. Such an objection is not among the enumerated causes of demurrer as contained in section 2876 of the Revision.

*2. —— prima facie abandonment.*

*3. DEMURRER: cause.*

Reversed.