48  271
34a 153

## Edward McConnell

*v.*

## David Downs.

1. COVENANTS OF TITLE — *in actions upon covenants of warranty, when warrantor will not be permitted to prove that the eviction was by force of a superior title.* A defendant in an action upon a covenant of warranty, to whom notice had been

given by the plaintiff of the pendency of the action in ejectment, and who neglected to defend, will not be permitted to prove that the judgment of eviction was not upon an adverse or superior title. Having failed to defend, such judgment is conclusive upon him, no collusion or fraud being shown.

2.  SAME — *no objection that plaintiff purchased outstanding title after the judgment of eviction.* And in such case, it is no objection that the plaintiff, after judgment in ejectment, purchased the outstanding title. This he had a right to do, to save himself from eviction, and was under no obligation to submit to a second trial, after the warrantor had failed to defend.

APPEAL from the Superior Court of Chicago.

This case is sufficiently stated in the opinion.

Messrs. HERVEY, ANTHONY & GALT, for the appellant.

Messrs. WALKER & DEXTER, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by Downs against McConnell, upon the covenants in a deed of conveyance from the former to the latter. It appeared upon the trial, that an action of ejectment had been brought against the tenants of Downs, upon an outstanding title; that he had notified McConnell of the pendency of the suit, and requested him to defend; that McConnell failed to do so, but Downs himself defended, and judgment was rendered against him. He then, to protect himself from actual eviction, bought in the outstanding title. McConnell, on the trial of this case, offered to rebut this proof, by evidence that the recovery in the ejectment was not upon paramount title. This the court did not permit him to do, and this ruling is now assigned for error.

The ruling was clearly correct. As McConnell was notified of the pendency of the ejectment, he should then have come in and, by making the proof now offered, defeated the action,

if such would have been its effect. The judgment in that action is now conclusive upon him, it not being pretended there was any collusion or fraud. *Sisk* v. *Woodruff*, 15 Ill. 15. The fact that Downs bought the outstanding title after judgment of eviction does not affect the question. He had a right to do this in order to protect himself from actual eviction, and was under no obligation to vacate the judgment under the statute, and subject himself to the costs of another trial, as McConnell had paid no attention to his notice to appear and defend.

*Judgment affirmed.*