Garibaldi, Adm'r, v. Jones.

2. PROHI-BITION: When is-sued.

GARIBALDI, ADM'R, V. JONES.

1. HOMESTEAD: *Sale by widow is abandonment of.*

A widow may rent out the homestead of her deceased husband and receive the rents and profits, but she cannot sell it. If she does, she thereby abandons it, and it at once becomes assets in the hands of the administrator for the payment of debts.

2. ADMINISTRATORS: *Right of administrator to lands sold by heirs.*

The heirs of a decedent take his lands subject to his debts, and can convey no better title to their vendee than they had; and lands sold by them may, if necessary, be sold by the administrator, under the order of the probate court, for payment of debts.

3. SAME: *Same. Marshalling.*

When lands sold by the heirs of an intestate are ordered by the probate court to be sold for the payment of his debts, the purchaser may, by bill in equity, compel the administrator to first sell lands and other assets which still belong to the estate.

Garibaldi, Adm'r, v. Jones.

APPEAL from *Pulaski* Chancery Court.
Hon. D. W. CARROLL, Chancellor.

*Eben W. Kimball,* for appellant.

Anderson having failed to *select* a homestead by any open or public act, he died without a homestead. (*Const. 1868, art. 12, sec. 2; 28 Ark., 485; 40 ib., 357: 56 ib., 545.*) Hence, his widow was left without a homestead. *29 Ark., 228; 33 ib., 404.*

The judgment in this case was obtained under the constitution of 1868, and is governed by its provisions, and was a lien even on the homestead of Anderson if he had one. (*Cohn v. Hoffman, 45 Ark.*) In this case the widow abandoned her homestead right, if she had any, and the lands at once became subject to be sold to pay the judgment. (*Cohen v. Hoffman, 45 Ark.; 41 Ark., 309; Thomp's. Home. sec. 284.*) It is well settled that a widow may abandon her homestead rights. *21 Ill., 40; 37 ib., 73, 230; 47 N. H., 46; 16 Wis., 76; 8 Tex., 312; 19 ib., 273; 20 ib., 24, 96; 6 Cal., 563; 14 Cal., 506; 20 Cal., 127; Thomp. Home. secs. 242, 263, 267, 272, 274, 286—notes 2, 3, 4, 5, 6, 7, 8 and secs. 550, 595, 596–7.*

The case of *Cohen v. Hoffman* is conclusive of this case.

*Z. P. H. Farr,* for appellee.

The appellees took the lands free from all liens and incumbrances, because the judgment lien had expired long before a *scire facias* was issued to revive it. The lien continued three years only. (*13 Ark., 544; 19 ib., 297.*) The revival is only a lien from the time of rendition, if the lien had expired before *scire facias* issued. (*Mansf. Dig., sec. 3926.*) The lien of the judgment of revivor attached under

the constitution of 1874, and *sec. 3, art. 9*, provides that no judgment shall be a lien on a homestead. When the widow and heirs conveyed to appellee there was no lien on the land, and appellee took it discharged of all incumbrances.

The homestead, not being subject to execution, his widow and heirs could sell same, notwithstanding the existence of judgments, there being no subsisting liens. *15 Ala., 826; 17 Ind., 152; 6 J. J. Marsh, 234; 10 Kan., 33; 39 Miss., 469; Freem. on Ex., sec. 218.*

Homesteads are not subject to administration laws, and the probate court has no jurisdiction over them, except to set apart to the widow. *Thomp. Home., sec. 540.*

Anderson was not required to schedule or select a homestead, as no execution or other final process was ever issued against him. *Gantt's Digest, sec. 2635.*

The widow was not required to occupy her homestead. *42 Ark., 503.*

Garibaldi cannot complain because she conveyed her homestead, as he could not have sold it if it had not been conveyed. *43 Ark, 429.*

BATTLE, J. On the 11th of August, 1881, appellees filed their complaint in the Pulaski chancery court against appellant, as administrator of the estate of James Anderson, deceased, alleging that the appellee, Martha E. Jones, wife of John T. Jones, on the 11th of January, 1879, purchased of the widow and heirs of James Anderson, deceased, the southwest quarter of the northeast quarter, and the fractional north half of the southwest quarter, and the fractional south half of the northwest quarter, in section 30, in township 3 north, and in range 15 west; and the northeast quarter of the northwest quarter, and the northwest quarter of the northeast quarter, in section 4,

in township 1 north, and in range 13 west. That the said
James Anderson was, at the time of his death residing on
and claiming as his homestead, the southwest quarter of
the northeast quarter, and fractional north half of the
southwest.quarter, and fractional south half of the north-
west quarter, section 30, in township 3 north, and in range
15 west, and containing 160 acres. That the above lands,
after the death of Anderson, were, by the probate court
of Pulaski county, set aside to Lucy Anderson, the widow
of James Anderson, as her homestead. That the said
Lucy, and the heirs of said James Anderson, all of whom
were of full age, conveyed said lands to appellee, Martha
E. Jones. That James Garabaldi, the administrator of the
estate of James Anderson, had obtained an order of the
Pulaski probate court to sell said lands to pay the debts
of said estate, and had advertised the lands for sale. That
James Anderson died seized and possessed of other lands,
which had not been conveyed by his heirs, and were amply
sufficient to pay all the debts probated against his estate.

Appellees prayed that appellant be restrained and en-
joined from selling the lands purchased by them from the
widow and heirs of James Anderson, deceased, and be
compelled to sell the lands belonging to the estate of An-
derson, which have not been sold by his widow and heirs,
and for general relief. An order was made by the Chan-
cellor restraining appellant, temporarily, from selling the
lands claimed by the appellees.

Appellant answered, saying that a portion of the lands
alleged by appellees to belong to the estate of Anderson,
and to have not been sold, had been sold by Anderson in
his lifetime; and that the remainder had been sold for
taxes, and were not worth redeeming; and that the time
for redemption had expired before appellant was ap-
pointed administrator. That the widow and heirs had, in

1879, conveyed the lands in question to the appellee, Martha E. Jones; that there are unpaid debts of Anderson, contracted while the constitution of 1868 was in force, probated against his estate; that there are no assets belonging to his estate to pay these debts, except the lands in question; that in 1879 the widow removed from these lands, with no intent of returning, or claiming them as a homestead; that she had acquired a home and residence in a distant part of the state, and had fully and forever abandoned any homestead right she may have had in the lands conveyed to appellees; and that the probate court of Pulaski county, having full jurisdiction, had ordered these lands to be sold to pay the debts probated against Anderson's estate, and remaining unpaid.

Appellees demurred to the answer, which was sustained, and the court decreed in favor of appellees, making the injunction as to the lands claimed as the homestead of Anderson perpetual, and dissolving it as to all other lands, and appellant appealed.

The constitution of 1868 ordained as follows: "If the owner of a homestead die, leaving a widow but no children, the same shall be exempt, and the rents and profits thereof shall accrue to her benefit during the time of her widowhood, unless she be the owner of a homestead in her own right. The homestead of a family, after the death of the owner, shall be exempt from the payment of debts, in all cases, during the minority of his children, and also, so long as his widow shall remain unmarried, unless she be the owner of a homestead in her own right."

Section 6, of article 9, of the constitution of 1874, reads as follows: "If the owner of a homestead die, leaving a widow, but no children, and said widow has no separate homestead in her own right, the same shall be exempt, and the rents and profits thereof shall vest in her during

her natural life; provided, that if the owner leaves children, one or more, said child, or children shall share with said widow, and be entitled to half of the rents and profits till each of them arrive at twenty-one years of age—each child's rights to cease at twenty-one years of age—and the shares to go to the younger children; and then all to go to the widow; and provided, that said widow or children may reside on the homestead or not. And in the case of the death of the widow, all of said homestead shall be vested in the minor children of the testator or intestate."

It is unnecessary to decide in this case under which of these constitutions the widow of Anderson was entitled to the homestead. So far as they affect the questions involved the provisions of each are the same. Under each of them the widow of Anderson was entitled to the homestead, and the rents and profits thereof during her widowhood, there being no minor children, unless she be the owner of a homestead in her own right. The question is, does the answer show that she has forfeited this right?

The answer alleges that she has acquired another homestead, and that she and the heirs of Anderson conveyed the lands constituting the homestead to Mrs. Jones. Appellant insists she cannot hold two homesteads, and that when she acquired a homestead in her own right she forfeited the homestead of her deceased husband; that her right to the homestead of her husband did not vest in Mrs. Jones; that the widow of Anderson, by selling and conveying, abandoned and forfeited the right to hold any of the lands so conveyed as a homestead; and that the same, immediately and thereupon, became assets in his hands for the payment of debts and subject to sale.

In *Davenport v. Devereux, 45 Ark., 343*, this court held that the constitution of 1868 "extended the homestead privilege to the widow only so long as she had no home

Garibaldi, Adm'r, v. Jones.

of her own." The same condition is annexed to her right to hold the husband's homestead by the constitution of 1874, and she cannot any more hold two homesteads under one coustitution than she can under the other.

1. HOME-
STEAD:

Sale of, by
widow is
abandon-
ment of.

Can a widow alienate her right to the homestead? The only rights in respect to the homestead guaranteed to her by the constitution are, that it shall be exempt from the payment of debts, and that the rents and profits thereof shall accrue to her, there being no minor children, during her widowhood, under one constitution; and for her natural life, under the other. The object of this provision of the constitution is to provide for her and the minor children a home from which the creditor, by the process of law, cannot force them, and to provide for them some means of maintenance and support. To provide means for her support she is authorized to rent the homestead, as in that way she would be in possession by tenant, and using it in the only way she could enjoy the rents thereof, as guaranteed to her by the constitution. In some cases it may be, this is the only way in which it can be made available to her and her children. She may not be able to cultivate the soil, or control or manage the labor necessary for that purpose. The homestead may be, as is sometimes the case, their only means of maintenance; and it may happen that, in order to rent it and derive from it any means of support, the dwelling must be temporarily given up to the tenant. "Thus the family might—sometimes from necessity, sometimes for convenience—be locally absent from the homestead for years without in any degree affecting their rights. The law is not concerned about the precise locality of the family at any time, but it is concerned that, wherever they may be carried by convenience, chance or misfortune, there shall be a place, a sanctuary, to which they may return to find the shelter, comfort and security

of a home." *Foreman v. Meroney, 62 Texas, 726; Walters v. The People, 21 Ill., 178; Phipps v. Acton, 12 Bush., 375; Locke v. Rowell, 37 N. H., 46; Davenport v. Devereux, 45 Ark., 343.*

One of the objects of the constitution is to secure to the widow and orphans the family roof-tree as a fixed home, during the widowhood or life of the widow, and minority of the children. It would be clearly against the policy and spirit of the constitution, in thus providing a home for her, to permit her to alienate it, and to allow others to enjoy the benefits of the homestead of a deceased husband and father, which were only intended for the widow and orphan. If she could do so the exemption which passes, under the constitution, to the widow and minor children upon the death of the husband and father, would not be a reservation of a homestead, but a reservation of land of a certain quantity or value, irrespective of its uses.

It follows, then, the widow cannot alienate the homestead of her deceased husband. But she is not bound to accept and enjoy the beneficent provision made for her by the constitution. Being under no disability, she can abandon the homestead and renounce the benefit of the rents and profits thereof, and thereby surrender and forfeit all claims to it. She can do so by any act which evinces such to be her purpose. If she sells and conveys it, she, most unquestionably, evinces such intention, and thereby forfeits her homestead rights. *Wright v. Dunning, 48 Ill., 271; Orman v. Orman, 26 Iowa, 361; Phipps v. Acton, 12 Bush., 375; Whittle v. Samuels, 54 Ga., 548; Locke v. Rowell, 37 N. H., 46.*

When the widow of Anderson conveyed the lands in question to appellees and abandoned them, they became assets in the hands of the administrator for the payment of the debts against the estate. The heirs of Anderson

2. Administrator's right to lands sold by heirs.

took these lands subject to his debts and the widow's rights therein, and conveyed to appellee no greater right or interest in them than they themselves had. The lands sold by them to appellee may be sold, if necessary, by the administrator of Anderson's estate, under an order of the proper probate court, to pay the debts of the estate. But if there be other lands of the estate which have not been sold, appellee has the equitable right to have the assets of the estate marshaled so as to compel the administrator to sell the lands and other assets still belonging to the estate before he can sell the lands conveyed to them. If, after the other assets of the estate are sold, and the proceeds of the sale are not sufficient to pay the debts, then the lands in question may be sold to pay what is lacking, or so much thereof as may be necessary for that purpose. *Howell v. Duke, 40 Ark., 102.*

3. SAME: Marshaling assets.

The decree of the court below is therefore reversed, and this cause is remanded with an instruction to the court to overrule the demurrer to appellant's answer, and for other proceedings not inconsistent with this opinion.