RUBEN S. WHITTAKER, Appellant, *vs.* EMMA K. HARDING, Appellee.

*Opinion filed October 26, 1912—Rehearing denied Dec. 6, 1912.*

1. EASEMENTS—*an easement of way will not be presumed to be personal.* Although an easement, such as a right of way, may be created by a grant in gross or be attached to the person of the grantee, yet this will never be presumed when it can be construed as appurtenant to some estate.

2. SAME—*when easement of way is appurtenant to a grantee's land.* A deed containing the words, "the grantee herein to have the right of ingress over, upon and across eight feet of even width off the north end of lot 12," which lot 12 was owned by the grantor, creates an easement of way appurtenant to the grantee's land and is not personal to the grantee.

APPEAL from the Circuit Court of Peoria county; the Hon. L. D. PUTERBAUGH, Judge, presiding.

WOLFENBARGER & MAY, and CAMERON & CAMERON, for appellant.

E. E. HARDING, (GEORGE B. SUCHER, and W. T. WHITING, of counsel,) for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The contention in this case concerns the existence of an easement of passage over the north eight feet of lot 12, in block 9, of Smith Frye's addition to Peoria. The appellant, who is the owner of lot 11, claims the easement as appurtenant to his lot, and filed a bill to compel the defendant, who is the owner of lot 12, to remove certain obstructions which she had placed on the disputed ground and to enjoin her from interfering with or obstructing his right of way. The court, on a hearing, dismissed the bill, and the complainant appeals.

Lots 11 and 12 front south on Pennsylvania avenue. Each is fifty feet wide. Lot 12 is immediately east of lot 11, and immediately east of lot 12 is Missouri avenue. Lots 1 and 2 immediately adjoin lots 12 and 11, respectively, on the north. Prior to September 27, 1895, John A. Engstrom was the owner of both lots 11 and 12, and on that date he conveyed lot 11 to Christiana Foster by an ordinary warranty deed, in which, following the description of the lot, were these words: "Reserving the right of ingress and egress over, upon and across eight feet of even width off the north end of said lot, the grantee herein to have the right of ingress over, upon and across eight feet of even width off the north end of lot 12 in said block." Lot 12 was then occupied as a residence by Engstrom, who was a butcher and fish dealer and had delivery wagons and horses. He had a barn near the northwest corner of the lot. The lots were considerably higher than the adjoining streets, and his access to the barn from Missouri avenue was over the north end of the lot. Lot 11 was vacant until its purchase by the appellant in 1904. He then built a house, which he occupied as a residence, fronting on Pennsylvania avenue, and a barn near the north end of the lot, and from that time continuously used the

eight-foot strip off the north end of both lots to reach the barn and to haul in coal and other articles, having no other access from the street to the back end of his lot. The appellee acquired title to lot 12 on October 1, 1909. A few months after, the obstructions complained of were placed on the strip of ground in question, and on September 2, 1910, the bill was filed asking for an injunction. The court, approving the report of the master, found that the complainant had no easement in lot 12; that the easement granted by Engstrom to Christiana Foster was personal to her and therefore in gross, and did not pass to her grantee. The only question in the case arises on this finding.

Though an easement, such as a right of way, may be created by a grant in gross or attached to the person of the grantee, this will never be presumed when it can be construed as appurtenant to some estate. (*Louisville and Nashville Railroad Co.* v. *Koelle,* 104 Ill. 455; *Kuecken* v. *Voltz,* 110 id. 264; *Horner* v. *Keene,* 177 id. 390; *Dennis* v. *Wilson,* 107 Mass. 591; *Reise* v. *Enos,* 76 Wis. 634; Washburn on Easements, *29.) The deed here conveyed to the grantee lot 11, together with the right of ingress over, upon and across the north eight feet of lot 12. The way led to the grantee's land, and was useless except in connection with it and for access to it. Under such circumstances the way is appurtenant to the land. (Jones on Easements, sec. 19.) In *Louisville and Nashville Railroad Co.* v. *Koelle, supra,* the grant of the right of way was to three individuals and the land of one, only, of them was mentioned. The way led, however, to the separate lands of each of the three, and the court construed the right of way, under the circumstances shown, as appurtenant to the lands of all. There can be no doubt of the intention of the parties to this deed to create a servitude in lot 12 for the benefit of lot 11, and the right and burden thus created will pass to and be binding upon the subsequent grantees of the respective lots.

The judgment of the circuit court will be reversed and the cause remanded, with directions to enter a decree in accordance with the prayer of the bill.

*Reversed and remanded, with directions.*