EMMA K. HARDING, Appellant, *vs.* GEORGE B. SUCHER, Appellee.

*Opinion filed December 17, 1913—Rehearing denied Feb. 5, 1914.*

1. RES JUDICATA—*when a grantor is estopped to deny fact settled by judgment against grantee.* Where a grantor who has conveyed a lot with covenants of warranty against encumbrances is advised by the grantee that a suit has been brought against her to establish an easement of way over part of the lot and is notified to defend the suit, and the grantor appears and acts as the grantee's solicitor, makes defense and manages the suit, he is bound by the judgment, and is estopped, in a subsequent action of covenant by the grantee, to dispute the fact of the existence of the easement established by such judgment.

2. PROPOSITIONS OF LAW—*propositions of law not necessary to preserve questions of fact.* Where a case at law is tried without a jury, propositions of law must be tendered to the court to show what rules of law were applied to the facts, but there is no necessity of such propositions for the preservation of questions of fact.

APPEAL from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding.

JUDSON STARR, for appellant.

W. T. WHITING, and W. H. MOORE, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Emma K. Harding, the appellant, was defendant in a suit in equity in the circuit court of Peoria county in which Reuben S. Whittaker was the complainant in a bill filed to compel her to remove obstructions from the north eight feet of lot 12 in block 9 of Smith Frye's addition to Peoria, on the ground that the complainant had a right of way over the same. She notified George B. Sucher, the appellee, who had conveyed the lot to her with covenants of warranty against encumbrances, to defend the suit, and he appeared, acted as her solicitor, made defense and managed the suit. The circuit court on a hearing dismissed the bill, and this court reversed the decree with directions to enter a decree in accordance with the prayer of the bill. (*Whittaker* v. *Harding*, 256 Ill. 148.) Afterward the appellant brought this action in covenant against the appellee, alleging the existence of the easement as a breach of his covenant against encumbrances, and her eviction by Whittaker. The appellee filed seven pleas, and issue was taken on all of them except the seventh, to which a demurrer was sustained. The defense presented by the second, third and fourth pleas was, that at the time of the execution and delivery of the deed the premises were clear and free of all encumbrances, and the issue formed on them was whether the easement existed or not. There was a trial before the court without a jury, in which the record of the suit of *Whittaker* v. *Harding* was in evidence. The court found the issues for the defendant and entered judgment accordingly, and this appeal was prosecuted.

The question which is decisive of the rights of the parties is whether the judgment in the former suit is binding on the appellee, who was not a party to the record. His counsel state the rules upon which the general doctrine of *res judicata* rests, that the parties to the action must be

identical, the issues the same and the matter determined be
actually in issue and essential to the judgment. But it is
not because of that doctrine that the appellee is concluded.
The existence of the easement on the north eight feet of
lot 12 was finally and conclusively settled in the former
suit as between Whittaker and appellant, and it was likewise
settled as between the appellant and appellee, for the rea-
son that he was notified of the suit, and, having an interest
in the question, appeared and made a defense. The fact so
settled operates as an estoppel against the appellee to dis-
pute the fact in any subsequent litigation, and the force of
the estoppel arises out of the fact that he was notified by
the appellant and for the protection of his own interest as-
sumed and managed the defense. It is a rule of general
application that if one is bound to indemnify another by a
promise express or implied, and the party to be indemnified
is sued and notice is given to the indemnifying party to
make a defense, he will be bound and concluded by the
judgment. The rule has been frequently applied in cases
of merely implied promises of a principal to indemnify his
agent for acts committed by his direction. This court has
enforced it in cases of landlord and tenant, where the land-
lord has received notice of the pendency of a suit in eject-
ment against his tenant and has had an opportunity to de-
fend. (*Thomsen* v. *McCormick,* 136 Ill. 135; *Oetgen* v.
*Ross,* 47 id. 142.) A case exactly like this was *McConnell*
v. *Downs,* 48 Ill. 271, where an action of ejectment was
brought against tenants of Downs upon an outstanding title
and he notified his grantor, McConnell, of the pendency of
the suit and requested him to defend. McConnell failed to
defend and Downs himself made the defense, and the judg-
ment against him was held to be conclusive against Mc-
Connell in an action upon the covenants in his deed. It
was there held that the judgment against the tenants of
the grantee was binding as an estoppel against the grantor
where the grantor had notice of the suit and an opportunity

to come in and defend. The rule of law is not confined to suits in ejectment nor to express covenants or agreements. It applies where there is a suit against a city on account of a dangerous condition where notice is given to the person creating the condition. (*Severin* v. *Eddy,* 52 Ill. 198; 5 Thompson on Negligence, sec. 6362; *Chicago* v. *Robbins,* 2 Black, 418.) It is a general rule. The appellee can not be permitted to dispute the existence of the easement of Whittaker on the north eight feet of lot 12.

The defense which was made and appears from the record to have prevailed was, that the easement was not on lot 12 but was on a strip north of that lot which was the south one-half of a 16-foot alley. The addition was laid out with a number of blocks, and on the plat as originally made there was a 16-foot alley through each of them except block 3. The lots where there was an alley were 150 feet deep from the street to the alley and were so designated on block 9. Before the plat was recorded the figures "150" appearing in different places on the lots in block 9 were erased by making a pen-mark through them and the figures "158" were substituted. The figures "16," representing the width of the alley, were in like manner erased. The ends of the alley as formerly shown were closed by extending the outside lines of the block across the alley and a heavy black line was drawn through the center of what had been intended for the alley. The surveyor's certificate had stated that there was an alley in each block except block 3, which was without an alley, and the words "and block nine" were interlined after the word "three," so as to state that blocks 3 and 9 were without an alley. This showed that there was no alley in block 9 and that the lots were 158 feet deep, so that there was no merit in the defense, if it had been admissible. The alterations having been made before the plat was filed for record were necessarily made by the maker of the plat or authorized by him.

The plat took effect from the time it was recorded and as it then was.

The appellant did not tender 'to the court any proposition to be held as the law, and counsel for appellee contend that for that reason there is nothing to review. Where a case is tried by the court without a jury, propositions of law must be tendered to the court to show what rules of law were applied to the facts, and we have often had occasion to call attention to that requirement in cases brought from the Appellate Court, in which we can consider only questions of law, but there is no necessity of such propositions for the preservation of questions of fact. The facts in this case not only do not sustain the finding or judgment, but are conclusive against them.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*