## CULBERHOUSE V. SHIREY.

1. ADMINISTRATOR: GUARDIAN: *Can not purchase intestate's lands.*
   Neither the guardian of an intestate's heirs nor the administrator of his estate can buy up an adverse title to his lands. No one is permitted to purchase property when he has a duty to perform in relation to it which is inconsistent with the character of a purchaser.

2. ADMINISTRATION: *Title and possession of deceased's land: Ejectment.*
   The legal title to an intestate's lands descends and vests, upon his death, in his heirs at law, subject alone to his widow's dower and payment of his debts. Except as against the widow's dower, the administrator is entitled to the possession and control of his lands until the debts are all paid and the administration closed, and to enforce this right may defend or maintain ejectment.

APPEAL from *Craighead* Circuit Court.

Hon. L. L. MACK, Circuit Judge.

*U. M. & G. B. Rose* and *W. H. Cate,* for appellant.

The deed of Amanda Nichols and Mary Holden to Fergus Snoddy was not properly identified or proved, and was inadmissible in evidence. *Gantt's Digest, sec. 854; Wilson v. Spring, 38 Ark., 181.*

The third instruction asked by defendant was in the

Culberhouse v. Shirey.

words of sec. *4113 Gantt's Digest*, and was applicable to the facts of the case.

Mrs. Shirey was 32 years of age and was barred.  *Carter v. Cantrell, 16 Ark., 154; Brinkley v. Willis, 22 Id., 5.*

*J. E. Reddick* for appellees.

At the commencement of this suit Moody and Hettie Snoddy, both being under 21 years of age and entitled to the possession, could bring ejectment against the administrator.  *Const., sec. 6, art. 9; 29 Ark., 633.*

McCall was guardian and his purchase was void, being against the interest of his wards.  *30 Ark., 44; 33 Id., 586; Bisp. Eq., 3d ed., secs. 92–93.*

Culberhouse was administrator, and his purchase was against the interest of the estate.  No fiduciary can gain any advantage touching his trust.  *Supra.*

No question of limitation can arise in this case.  A guardian can not hold adversely to his wards, nor an administrator acquire title by adverse possession against the heirs.

The charge or lien on the land for payment of debts is lost by delay of ten years, without good cause shown.  *Mays v. Rogers, 37 Ark., 155.*

SMITH, J.  This was ejectment for a quarter section of land.  One Rufus Snoddy was the original owner of the land.  He died in 1858, and the land descended to his children, Fergus Snoddy, Mary Mosley and Amanda Nicholls. Fergus Snoddy was the father of the plaintiffs, and he had in his lifetime purchased the interest of his two sisters in the property, and received a deed therefor. He died in 1862 in possession of the land, and claiming to be the owner thereof.  After his death the widow and children of Fergus resided upon the land.  The widow married one McCall in 1864 or 1865, and died in 1868.  After her death McCall and the heirs of Fergus Snoddy continued to live on the

land. McCall took letters of guardianship for his step-children and procured an order of the Probate Court declaring the land to be their homestead, and reserving it from sale for the payment of Snoddy's debts, until his children should become of age.

Afterwards McCall seems to have discovered or suspected that there was a defect in the title of Fergus Snoddy, and under the pretext that it was necessary for the protection of his wards, he persuaded Mrs. Mosley and Mrs. Nicholls to convey the land to him. He was informed they had no further interest in it, but that it belonged to the estate of Fergus. No consideration was paid for this deed. McCall promised to give a horse and saddle to each of the ladies for complying with his request, but had never done so.

In 1878 McCall sold his interest in the land, and conveyed it by a quit-claim deed to the defendant, Culberhouse, who was the administrator of Fergus Snoddy. The consideration for this conveyance was $275 in money and a debt which McCall owed to the grantee. Culberhouse bought, however, not for the benefit of the estate, but for his own aggrandizement. He claims to be the owner of two undivided third parts or shares by virtue of such purchase, and to hold the remaining share in his capacity of administrator, in trust for the payment of his intestate's debts, of which he alleges that $2,500 are still outstanding, and that the personalty has been exhausted.

He also pleaded the statute of limitations of seven years in bar of the action. On the trial it was proved that one of the plaintiffs was thirty-two years old, but the others had recently attained their majorities. It was also proved that the defendant was still acting as the administrator of Fergus Snoddy and that debts to a large amount had been proved against his estate, which were still unpaid. The jury returned a verdict for the plaintiffs.

Culberhouse v. Shirey.

1. Neither administrator nor guardian can purchase intestate's lands.    Fergus Snoddy must be regarded as the common source of title to all the parties to this action. He was the ancestor of the plaintiffs and the intestate of the defendant. He died in possession of the land, claiming the fee in the whole of it. Whether his title was good or bad is a matter which did not personally concern his administrator. The latter was a trustee, incapable of acquiring any adverse interest in the trust property. And his grantor, McCall, being guardian for the heirs of Snoddy, was in no better situation for taking advantage of any defect in the title. No one is permitted to purchase property when he has a duty to perform in relation to that property which is inconsistent with the character of a purchaser. *Wormley v. Wormley, 8 Wheat., 421; Lenox v. Notrebe, Hempst., 225–251; Brittin v. Handy, 20 Ark., 381; Imboden v. Hunter, 23 Id., 622; White v. Ward, 26 Id., 445; Wright v. Walker, 30 Id., 44; West v. Waddill, 33 Id., 575.*

Moreover, McCall and Culberhouse, if they had been strangers, would have taken only what Mrs. Mosley and Mrs. Nicholls could lawfully convey, and that was simply nothing. They had previously parted with their interest to their brother. And this was known both to McCall and to the defendant.

2. Title and possession of deceased's lands.    Upon the death of Snoddy the legal title to his lands descended upon and vested in his heirs at law, subject alone to his widow's dower and the payment of his debts. Snoddy's widow is dead; but the right of the administrator to the possession and control of his lands continues until the debts are paid and the administration closed. And to enforce this right he may defend or maintain ejectment. *Gantt's Digest, secs. 2162, 68, 167; Menifee's Adm'r v. Menifee, 8 Ark., 9; Carnall v. Wilson, 21 Id., 62.*

This aspect of the case was lost sight of in the court below, because it did not suit the interests of either party

to call attention to it. Nevertheless, both the pleadings and the evidence show that the administration of the decedent's estate is still open and that his debts have never been paid. Consequently the land and all rents and profits that the defendant may have received since he obtained possession, are assets in his hands to be administered as the law directs, and to be accounted for in the proper court. And he is now and will be entitled to hold possession until the purposes of his trust are accomplished or he is removed from the administration of the estate.

The statute of limitations is not involved. There has been no adverse holding, nor could there be. The land was set aside by the Probate Court as a homestead for the infant heirs of Snoddy. This was done at the instance of McCall, their guardian. It was probably an error, since Snoddy did not live on the land at the time of his death. But the creditors acquiesced, and they alone were injured. This appropriation for homestead purposes explains why the land has not been heretofore sold to pay debts. McCall's possession was the possession of his wards, and Culberhouse is in as administrator.

Reversed and remanded for a new trial.