## WINTERS v. DAVIS.

HOMESTEAD: *Minor's right to share rents and profits.*

Where the widow of a decedent holds his homestead to the exclusion of his minor children, who are entitled to share it with her under article ix, sec. 6 of the constitution, she connot defeat an action brought by them to recover their share of the rents and profits, by showing that no dower has been assigned to her in the lands embraced by the homestead. Sec. 2588 Mansf. Dig., which provides that the widow shall possess the chief dwelling-house of her deceased husband together with the farm thereto attached, free of rent until her dower is assigned, has no application to her use of the homestead and is inoperative as against the homestead right of the minor.

APPEAL from *Lee* Circuit Court in Chancery.

M. T. SANDERS, Judge.

*H. N. Hutton*, for appellants.

The appellant as a widow was entitled to the chief dwelling-house and farm attached free of all rent, no dower having been assigned her. Mansf. Dig., sec. 2588; 40 Ark., 393; 34 Ark., 63. The dower right vests on marriage by way of lien and can only be lost by alienation by her or laches. 5 Ark., 608. The homestead right is in addition and not in lieu of dower, and a widow is entitled to both. 44 Ark., 490; 40 Id., 393; 34 Id., 63.

*E. D. Robertson*, for appellee.

Article ix, sec. 6, const. 1874, is plain and unmistakable and creates in the widow and minor heirs not only an exemption but an *estate* in the homestead. See 29 Ark., 292. The constitutional provision is superior to the law of dower (sec. 2588 Mansf. Dig.), and repeals it so far as the homestead is concerned. The right to dower arises only upon the death of the husband; it is a mere privilege, under sec. 2588, to hold free of rent the mansion, etc., which was repealed by the constitution so far as it affects homesteads.

BATTLE, J.

W. T. Davis died on the 7th of October, 1880, intestate, leaving him surviving Martha Davis, his widow (who has since intermarried with D. A. Winters) and five minor children. At the time of his death he was the owner of a homestead in the country containing one hundred and sixteen acres of land. He had no other land. When he died his widow remained in possession and thereafter held exclusive possession of it as the chief dwelling-house of her late husband and the farm thereto attached, and denied to the minor children the right to hold possession and share the rents and profits thereof with her. For a part of the time she rented it and collected the rents. Three of the minor children bring

this action against her and her present husband for their share of the rents and profits. The defence to the action is, no dower has been assigned to Martha Winters, the late widow of W. T. Davis, and that she is entitled to hold the homestead and to use and enjoy the same and the entire rents and profits arising therefrom, until her dower shall be assigned.

Section 2588, Mansfield's Digest, provides that, "If the dower of any widow is not assigned or laid off to her within two months after the death of her husband, she shall remain and possess the mansion or chief dwelling-house of her late husband, together with the farm thereto attached, free of all rent until her dower shall be laid off and assigned to her." Subsequent to the enactment of this statute the constitution of 1874 was adopted. It ordains: "If the owner of a homestead die, leaving a widow but no children, and said widow has no separate homestead in her own right, the same shall be exempt, and the rents and profits thereof shall vest in her during her natural life; *provided*, that if the owner leaves children, one or more, said child or children shall share with said widow, and be entitled to half the rents and profits till each of them arrives at twenty-one years of age—each child's rights to cease at twenty-one years of age—and the shares to go to the younger children; and then all go to the widow; and provided that said widow or children may reside on the homestead or not."

The object of section 2588 is to coerce the heir to assign dower at the earliest day practicable. During the husband's life it does not vest in the wife any right to a future interest in the husband's homestead. Under it she has, during the life of her husband, a mere expectation of occupying the chief dwelling-house and the farm thereto attached, after the death

Vol. LI.—22.

of her husband and until her dower shall be assigned, free of rent. Prior to the act of March 18th, 1887, he could, without her consent, alienate it and deprive her of every right therein, except her right to dower. This being true, the effect of the constitution upon the rights of the parties in this case, the widow having no separate homestead in her own right, and her husband having left minor children, was to give her one-half of the homestead and of the rents and profits thereof for her natural life, and the other half to the minor children till each of them arrives at twenty-one years of age, each child's right ceasing as he or she reaches the age of twenty-one and going to the younger children until they all become twenty-one years old, when the entire homestead and the rents and profits vest in the widow during her life, or until she adandons it. Cooley's Con. Lim. (5th ed.) * pages 359, 361, and authorities cited.

Decree affirmed.