McAndrew v. Hollingsworth.

Opinion delivered June 4, 1904.

1. Homestead—right to devise.—A married man has no power to devise his homestead to his widow free from the claims of his creditors. (Page 449.)

2. Same—abandonment.—By selling her deceased husband's homestead the widow abandons it, and it at once becomes an asset in the hands of his administrator for the payment of debts of his estate. (Page 450.)

Appeal from Benton Circuit Court.

John N. Tillman, Judge.

Action by J. G. McAndrew, as administrator of the estate of Seth Hollingsworth, deceased, against Deborah Hollingsworth and others. Defendants had judgment, and plaintiff appealed. Reversed.

STATEMENT BY THE COURT.

We adopt the following statement of facts, made by appellant, as correct:

"Seth Hollingsworth died in Benton county, Arkansas, January 27, 1894. He made and executed a will in due form by which he made the following disposition of his property, towit:

" 'I hereby will and bequeath to each of my children, William Hollingsworth, Minnie Hollingsworth, Clay Hollingsworth and Maggie E. Blood, the sum of $1, and to my beloved wife, Deborah Hollingsworth, all of my real estate, towit: lot No. 5, in block No. three (3), in Siloam Springs, Arkansas, and she, my beloved wife, is also to have all of my personal property of whatsoever kind and description after paying my just debts and funeral expenses.'

"No executor was appointed by the will. After his death J. E. Crane was appointed as administrator of his estate by the probate court of Benton county, but resigned within a year, and was discharged. Afterwards, in 1898, appellant was appointed administrator in succession of the estate, and the claim of the Philadelphia Construction Company was duly probated against the estate. After the probate of the claim the probate court, upon proper application of the administrator, made an order to sell the lot to pay debts probated against the estate. Deborah Hollingsworth and Minnie Strange (nee Hollingsworth) were properly made parties to the proceeding, objected to making the order of sale, and appealed to the circuit court, where the cause was tried *de novo* by the circuit judge sitting as a jury.

"The hearing was upon depositions and record and other documentary evidence, and the court found the following facts, in addition to the foregoing: the lot was at the time of the execution of the will and at the time of the death of the testator the homestead of the testator, and occupied by him as such with his family; that his widow, Deborah Hollingsworth, had no separate homestead in her own right, and there were no minor children of the testator, and that the widow continued to occupy the homestead after her husband's death. In 1897 she sold and conveyed the lot for an expressed consideration of $5,000 to her daughter, Minnie Strange.

"Afterwards, and before the probate court made the order of sale, but after notice of the application for the order was given by the administrator, Minnie Strange conveyed the lot to Deborah Hollingsworth for an expressed consideration of $500, to be held

by her during her natural life, with remainder in fee to Minnie Strange. On these findings the appellant asked the court to make the following declarations of law:

"(1.)    That the sale of the lot by Deborah Hollingsworth to Minnie Strange constituted an abandonment of any homestead right in the land under the constitution of the state of Arkansas.

"(2.)    That the legal effect of the will was to convey to Deborah Hollingsworth the fee title in the lot in addition to the homestead right of the widow.

"(3.)    That by the terms of the will the fee title in the lot was charged with the payment of the testator's debts.

"(4.)    That Seth Hollingsworth could not devise the fee in his homestead free from the claims of creditors, but that she would take the same subject to such debts, and upon her abandonment of the homestead right the lot became at once subject to sale for payment of the debts probated against the estate. ·

"The court made the first and second of these declarations, but refused to make the third and fourth, and declared the law to be:

"(1.)    By the terms of the will only the personal property was charged with the payment of debts.

"(2.)    The owner of the homestead had the power to devise the fee title of the homestead free from the payment of debts to the same extent that he could convey the same during his lifetime by deed, and creditors would have no right to complain; and Deborah Hollingsworth took the fee title under the will free from the claims of creditors to the same extent as if it had been conveyed by deed in the lifetime of the testator.

"The court dismissed the petition of the administrator to sell the land, rendered judgment against him for costs of the appeal, and directed that its judgment be remanded to the probate court and made the order and judgment of that court.

"To each of these rulings, judgments and orders of the court, except the making of the first and second declarations of law asked by appellant, the appellant excepted at the time. Each of his exceptions was overruled, and he appealed to this court."

*C. M. Rice, McGill & Lindsay,* for appellant.

The widow took the fee by devise in addition to the homestead estate. 64 Ark. 1; 72 Vt. 300; 22 Am. St. 109. Her sale and conveyance was an abandonment of the homestead. 48 Ark. 230; 55 Ark. 572. The homestead becomes assets for the payment of debts upon the termination of the estate, and the effect of a devise is the same as a devise of other lands. 29 Ark. 280; 29 Ark. 633; 47 Ark. 445; 48 Ark. 230; 49 Ark. 75; 53 Ark. 400; 56 Ark. 563; 67 Ark. 239; 69 Ark. 1; 50 Ark. 329; 51 Ark. 429; 65 Ark. 355; 127 Mo. 189; 34 Am. St. R. 492; Page, Wills, § 762; 19 A. & E. Enc. (2d Ed.), 1336; 56 S. W. 983.

*E. P. Watson,* for appellees.

The homestead was devised free from the claims of creditors. Sand. & H. Dig. § 7390; Greenleaf, Cruse, Real Prop. § 1; Tied. Real Prop. § 872; 29 Am. & Eng. Enc. Law, 257; Const. art. 9, § 3; 52 Ark. 547; 15 Enc. Pl. & Pr. 692; Waples, Home & Ex. 462; Page, Wills, § 138; 30 Miss. 428; 31 *Id.* 134; 59 *Id.* 140; 62 *Id.* 429; 65 *Id.* 439; 22 Kan. 256; 23 *Id.* 514; 31 *Id.* 270; 41 Wis. 381; Thomp. Home. & Ex. § § 514, 612; 7 Wash. 291; 12 S. W. 933; 22 S. W. 605; 56 S. W. 983; 32 S. W. 676; Greenleaf, Cruse, Real Prop. § 19.

Battle, J. (after stating the facts.) Has a resident of this state, who is married or the head of a family, and who is the owner of a town lot in this state less than one acre in size, and not exceeding in value $2,500, which is occupied by him at the time of his death as a homestead, the power to devise it to his widow free and exempt from the claims of his creditors, he having no minor children?

The Constitution of this state ordains: "The homestead of any resident of this state, who is married or the head of a family, shall not be subject to the lien of any judgment or decree of any court, or to sale under execution, or other process thereon, except such as may be rendered for the purchase money, or for specific liens, laborers' or mechanics' liens for improving the same, or for taxes, or against executors, administrators, guardians, receivers, attorneys, for moneys collected by them, and other trustees of an express trust, for moneys due from them in their fiduciary capacity.　　*　　*　　*　　The homestead in

any city, town or village, owned and occupied as a residence, shall consist of not exceeding one acre of land, with the improvements thereon, to be selected by the owner. Provided, the same shall not exceed in value the sum of two thousand five hundred dollars," etc. Art. 9, § § 3, 5.

Under these provisions of the Constitution this court has held that, as there is no restraint upon the debtor selling or conveying his homestead, he may sell, exchange or give it away, and his creditor has no just cause of complaint, for, being exempt, it is no more beyond their reach after transfer than it was before; and that in such alienations there may be a bad motive, but no illegal act. *Stanley* v. *Snyder,* 43 Ark. 429, 434; *Bogan* v. *Cleveland,* 52 Ark. 101; *Campbell* v. *Jones,* 52 Ark. 493; *Davis* v. *Day;* 56 Ark. 156; *Pipkin* v. *Williams,* 57 Ark. 242.

There is no restraint upon the owner's disposing of his homestead by deed or other instrument of same effect, except that his wife must join in the execution of the deed or instrument and acknowledge the same (Sand. & H. Dig. § 3713), because his creditors have no claim upon the same. But they have a claim upon the lands which constitute his homestead at the time of his death, and of which he dies seized. After the death of the widow and the minority of the children it becomes an asset for the payment of their claims. Constitution of 1874, art. 9, § 6; *Winter* v. *Davis,* 51 Ark. 335; *Garibaldi* v. *Jones,* 48 Ark. 230; *Nichols* v. *Shearon,* 49 Ark. 75; *Bond* v. *Montgomery,* 56 Ark. 563. Any devise of so much of it as constitutes such assets would be in contravention of the rights of the creditors and void.

The widow, Mrs. Hollingsworth, abandoned the homestead of her deceased husband by selling and conveying the land constituting it after his death. *Garibaldi* v. *Jones,* 48 Ark. 235. She now claims and holds the land as an independent purchaser under a deed executed to her by Minnie Strange after such abandonment.

There being no minor children, the lot in controversy has become an asset in the hands of the administrator of Hollingsworth for the payment of debts.

Reverse and remand, with instructions to the court to render a judgment in accordance with this opinion.