REGIONAL AGRICULTURAL CREDIT CORPORATION *v.* POLK.

4-8665                                                      215 S. W. 2d 523

Opinion delivered December 13, 1948.

*Eugene Coffelt,* for appellant.

*Jeff Duty,* for appellee.

ROBINS, J. This appeal is prosecuted by the Regional Agricultural Credit Corporation of Washington, D. C., in an effort to reverse order of the probate court denying appellant's petition for an order of sale of seventy acres in Benton county, Arkansas, owned at his death by Paul Broadhurst.

Prior to the death of the said Paul Broadhurst he had executed a promissory note to appellant for the sum of $816.53 which remains unpaid. Broadhurst died on July 29, 1945, leaving surviving him his widow, and his father and a brother and a sister as his sole heirs at law.

When he died he was occupying as his homestead the land involved herein.

On September 16, 1946, the heirs of Paul Broadhurst conveyed the land to his widow and by mesne conveyances the title passed from her to Clyde K. Polk, the appellee.

Appellant, as a creditor of the estate of Paul Broadhurst, filed a petition on May 28, 1947, asking for the appointment of an administrator of the estate of the said Paul Broadhurst, deceased, and on the following day the sheriff of Benton county was appointed administrator. On the same day the claim of appellant against the estate of Broadhurst was duly presented to and allowed by the court. There were no other claims filed against the estate.

The petition for order of sale of the land was filed on January 26, 1948. The grantor of appellee intervened and objected to the sale on the ground that she was an innocent purchaser of the land for value, and that the land, being a homestead, was exempt from such sale.

The land of a decedent is charged with his debts and such portion thereof as is not the homestead of the widow or minor children may, if application be seasonably made, be sold for payment of such debts, subject to dower rights of the widow. See *Howell* v. *Duke,* 40 Ark. 102; *Garibaldi* v. *Jones,* 48 Ark. 230, 2 S. W. 844; *State* v. *Roth,* 47 Ark. 222, 1 S. W. 98; *Culberhouse* v. *Shirey,* 42 Ark. 25. It is not contended in this case, nor could it properly be, that application for sale was not made within a reasonable length of time. The widow of Broadhurst had a homestead and dower interest in the land, but, by conveying same, she waived her homestead right. However, her grantee became the owner of her unassigned dower. *McAndrew* v. *Hollingsworth,* 72 Ark. 446, 81 S. W. 610; *Burel* v. *Baker,* 89 Ark. 168, 116 S. W. 181; *Felton* v. *Brown,* 102 Ark. 658, 145 S. W. 552.

It is urged that the petition of appellant and proof in support thereof does not meet the statutory requirement that there must be a showing, before such a petition

is granted, that there is a lack of personal property out of which this claim could be made. See § 151, Pope's Digest. We think, however, that the testimony of the administrator, who stated that he had taken charge of no personal property and had never heard of any personal property belonging to the estate, taken in connection with the fact that appellee did not allege nor offer to prove that there was any such property on hand, is sufficient to justify a finding that there was no personal property belonging to the estate out of which appellant's claim can be made.

It follows that the judgment of the lower court must be reversed with directions that the lower court make an order for the sale, subject to unassigned dower interest of Mrs. Broadhurst now owned by appellee, of the land described in the petition.