Gary KEENAN, Administrator of the Estate of Frances Ritcheson *v.* Paul D. PEEVY et al

78-192                                    590 S.W. 2d 259

Opinion delivered December 3, 1979
(In Banc)

220

*Crouch, Blair, Cypert & Waters,* by: *James M. Roy, Jr.,* for appellant.

*Davis, Douglas & Penix, P.A.,* and *Kendall & Schnuntz,* by: *Donald B. Kendall* and *Williams & Williams,* by: *Claude M. Williams, Jr.,* for appellees.

JOHN A. FOGLEMAN, Justice. This appeal was taken from a decree of the chancery court sustaining a demurrer to the complaint of appellant Gary Keenan, as Administrator of the Estate of Frances Ritcheson, against appellee Paul D. Peevy and others and dismissing that complaint. Our review in this situation requires that we accept all facts well pleaded in the complaint as true, draw all reasonable inferences and indulge every reasonable intendment in favor of the pleader, and construe the complaint most favorably to the plaintiff. *Tri-B Advertising, Inc.* v. *Arkansas State Highway Com'n.,* 260 Ark. 227, 539 S.W. 2d 430; *Brewer* v. *Hawkins,* 241 Ark. 460, 408 S.W. 2d 492; *Howell* v. *Simon,* 225 Ark. 535, 283 S.W. 2d 680; *Simms* v. *Tingle,* 232 Ark. 239, 335 S.W. 2d 449. In the light appropriate for review, we will state some allegations as facts.

C. R. Ritcheson died on July 19, 1971. Paul Peevy was appointed administrator of his estate on August 19, 1971, on Peevy's petition. Peevy applied for his own appointment as guardian of Frances Ritcheson, on July 26, 1971 and he was appointed by W. H. Enfield, a circuit judge acting as probate judge on exchange, on the same day. Frances Ritcheson died on August 5, 1973. Gary Keenan was appointed administrator of her estate on July 12, 1976. The complaint in this action was filed on June 27, 1977. Oral arguments on the demurrers were heard on February 6, 1978. The chancellor's memorandum opinion on the demurrers to appellant's complaint was rendered on April 12, 1978, and the order of the chancery court dismissing appellant's complaint was entered April 24, 1978.

At the time of her death, Mrs. Ritcheson owned the following property in her own right:

Lot 6 in Block 2 of the Replat of Lots 3 and 14 in Block 2, Oakcrest Addition to the City of Rogers, which was conveyed to C. R. Ritcheson and Frances M. Ritcheson, husband and wife, by the entirety, by warranty deed dated March 7, 1964;

32 acres in the NE 1/4 NE 1/4 of Sec. 14, Township 20 N, R 29 W, which was conveyed to C R. Ritcheson and Frances Ritcheson, husband and wife, as tenants by the entirety, by warranty deed dated August 7, 1970;

344 shares of common stock of American Telephone & Telegraph Company, issued to Claude R. Ritcheson and Frances C. Ritcheson, as joint tenants, as joint tenants with right of survivorship or as joint tenants with right of survivorship and not as tenants in common;

Certain household goods and effects;

A 1968 Cadillac automobile; and

Two diamond rings.

Appellant alleged that the order appointing Peevy as

guardian and all proceedings had in said guardianship of Frances Ritcheson were null and void for want of jurisdiction of the probate court to make the appointment. The following reasons, among others, were alleged:

The petition shows on its face that Frances Ritcheson was not an incompetent within the meaning of Ark. Stat. Ann. § 57-601 (c) (2) (Repl. 1971). It stated that she was unable to care for herself because of physical impairment, not that she was mentally incompetent;

No notice was ever given to Frances Ritcheson (who signed the petition for the appointment of Peevy) as required by Ark. Stat. Ann. § 57-601 (a) (1) (Repl. 1971), or to one of her nearest competent relatives by blood or marriage as required by Ark. Stat. Ann. § 57-611 (b) (5) (Repl. 1971);

There was no evidence of compliance with Ark. Stat. Ann. §§ 57-614 — 615 (Repl. 1971), by proof of incompetence of Frances Ritcheson and no evidence that a hearing was held on the petition after proper notice to any party, or that any hearing was held or affidavit submitted on the question of her incompetency;

The petition for sale dated October 7, 1971, states that the property will be sold at private sale, but the notice of sale published in a newspaper as required by Ark. Stat. Ann. § 62-2718 (Repl. 1971), stated that the property would be sold at public sale and there was no compliance with the requirements for a private sale;

An order entered on October 4, 1971, on the petition for sale filed October 7, 1971, set no date for hearing on the petition, but simply stated that a hearing would be held, and no hearing was every held;

No notice of the order of October 14, 1971, was ever given to Frances Ritcheson, Lilly Kerr or Golda O'Brien;

No order of sale was entered in compliance with Ark.

Stat. Ann. §§ 62-2714 — 2717 (Repl. 1977);

An amended order dated April 24, 1972, and filed April 26, 1972, attempting to correct deficiencies in the sale was totally invalid because no petition for the order was ever filed, no notice to interested parties of any hearing on this order was ever given, no hearing date was set and no hearing was ever held;

One order of confirmation refers to an order dated September 3, 1972, a date subsequent to the order of confirmation; the other incorrectly refers to the order of October 14, 1972, as an order of sale. There is no reference in either of two orders confirming the sale to the property purportedly affected by it.

Appellant alleged that deeds by Peevy, as administrator and guardian, purporting to convey the property were wholly null and void not only because of the invalidity of the sale and orders of confirmation and the invalidity of the guardianship itself, but because no petition was ever filed in the guardianship proceeding for the sale of the tract.

Appellant alleged that the petition for sale and the order confirming the sale of the 32-acre tract, entered in the guardianship proceeding, were also null and void, because: (1) the guardianship proceeding was invalid; (2) no notice of the proposed sale was given to Frances Ritcheson or to her nearest relative; (3) there was no notice that any publication was ever made of the order of the probate court setting May 18, 1972, as the date of hearing on a petition for sale; (4) the report of sale was not filed within ten days after the alleged sale; (5) the order confirming the sale was invalid because it was filed on June 8, 1972, two days after the filing of the report of sale.

Appellant also alleged that the sale of a 17-acre tract of land owned by C. R. Ritcheson, in which Mrs. Ritcheson had a right of dower, was invalid, not only for the reasons alleged as to the sale of the lands held by the Ritchesons as tenants by the entirety, but also for the following reasons:

The tract was incorrectly described;

The notice of sale was ineffective because it was dated November 13, 1971, but filed October 26, 1971;

The amended order of sale filed April 24, 1972, and the order confirming it on August 31, 1972, were null and void, because they approved a sale made more than six months after the initial appraisal of the lots.

It was also alleged that a petition for sale of the 17 acres executed on (in the guardianship proceedings) March 20, 1973 and filed on March 22, 1973, was null and void because no notice of the petition was ever given Frances Ritcheson or any interested party before the entry of an order for the sale on March 22, 1973, and any alleged notice to Gary Keenan, as guardian of Frances Ritcheson was invalid because of the invalidity of the guardianship proceeding.

Appellant asserted that an order of sale on April 12, 1973, a report of sale on the same date, and a confirmation of sale on April 19, 1973, were null and void because there was no appraisal of the lands within six months of the date of the orders, no terms of sale were set out and no proper notice was given. Appellant also alleged that the confirmation of the sale was invalid for the same reason the sale of the lands held as an estate by the entirety were invalid.

Appellant then attacked the validity of the sale of the 344 shares of American Telephone & Telegraph Company stock for the following reasons:

The probate court had no jurisdiction over the stock;

The petition for sale filed October 7, 1971, and the order entered October 14, 1971, were never furnished to any interested party;

No notice was given to the heirs;

No date was set for a hearing, no hearing was ever held and no order ever entered allowing the sale of the stock;

No appraisal was ever filed and no report of sale made.

Attacking the validity of the sale of Mrs. Ritcheson's household goods and effects, the Cadillac automobile and the two diamond rings, appellant alleged:

No notice of the petition for sale of the personal property or the order thereon was ever given to Frances Ritcheson. There was a conflict of interest between Peevy in his capacity as administrator and in his capacity as guardian, so that he could not fulfill his fiduciary capacity in a manner to protect the interests of both Frances Ritcheson and C. R. Ritcheson's estate in receiving notice of the proceedings;

The property was not appraised and no appraisal ever filed in the probate court;

There is no evidence of the identity of the purchaser, how the property was sold or the manner in which payment was to be made by either a report of sale or an order of confirmation.

Appellant alleged that Peevy and his attorney had been allowed fees for the guardianship proceedings and that Peevy should be held accountable for these fees and the bond premium paid. As a basis for recovery of punitive damages, appellant alleged that the acts of Peevy were done wilfully, wantonly, maliciously and with reckless disregard for the rights of Frances Ritcheson and her estate.

Appellant asked that a deed conveying the lot in Rogers to defendant-appellees, G. M. and Ruth S. Tubbs, a mortgage executed by them to defendant-appellee First Federal Savings & Loan Association of Rogers, a deed conveying the 32-acre tract to Charlie W. and Shirley J. Smith, and a deed conveying the 17-acre tract to defendant-appellees Cranel F. Brewer and Clyta F. Brewer, be set aside and held null and void; that the dower interest of the widow and the widow's allowance be recognized, imposed and foreclosed, or in the alternative, that judgment be rendered against Peevy for the fair market value of the dower

interest of Frances Ritcheson in the property; that Peevy be required to restore the 344 shares of American Telephone & Telegraph Company stock, or in the alternative, the court render judgment against him for the fair market value of the stock; that judgment be rendered against Peevy for the fair market value of the household goods, two automobiles and two diamond rings; that Peevy be required to account for funds paid for his fees and those of the attorney employed by him, and the expenses of the guardianship; and that appellant have judgment for punitive damages of $150,000.

Peevy filed a demurrer. In part, it was a demurrer to the jurisdiction of the chancery court. The demurrer was based upon the following:

1. The chancery court had no jurisdiction under Amendment 24 to the Constitution of Arkansas and the probate court had exclusive original jurisdiction.

2. The complaint was a collateral attack upon the orders and judgments of the probate court.

Other grounds for demurrer were:

1. The right of Frances Ritcheson to dower terminated upon her death, it not having been laid off by the heirs, or assigned to her within one year after the death of her husband and that no demand for dower was made by her.

2. The complaint showed upon its face that the cause of action against them was barred by the statute of limitations and by the statutes of non-claim, and no ground of avoidance was alleged.

3. The chancery court had no jurisdiction of the person of Peevy.

4. Defect of parties plaintiff.

The Smiths, the Brewers, the Tubbses, the Snoderlys and First Federal Savings & Loan Association of Rogers

filed general demurrers. They, in effect at least, joined in Peevy's demurrer.

The Smiths, in a brief in the trial court in support of their demurrer, exhibited certain petitions and orders in the chancery and probate courts. We cannot consider these even if we should consider this to be an amendment to the demurrer because a speaking demurrer was not permissible. *Watson* v. *Poindexter,* 176 Ark. 1065, 5 S.W. 2d 299; *Percifull* v. *Platt,* 36 Ark. 456. These matters do not appear upon the face of the complaint, so they must be asserted by answer. Ark. Stat. Ann. §§ 27-1115, 1119 (Repl. 1962); *Watson* v. *Poindexter,* supra.

In sustaining the demurrers to allegations that the probate court had no jurisdiction to do what it did in the estate of C. R. Ritcheson, the chancery court held:

1. The complaint is a collateral attack upon previous orders of the Probate Court of Benton County in the Estate of C. R. Ritcheson and in the guardianship of Frances Ritcheson.

2. Such a collateral attack may not be maintained in the absence of allegations of fraud or lack of jurisdiction.

3. Lack of jurisdiction was raised by the complaint.

4. Chancery court has jurisdiction to afford relief if probate court did not have jurisdiction.

5. The guardian of Frances Ritcheson was not, with respect to the estate of C. R. Ritcheson, a third party so as to make it improper for the probate court to determine ownership of the property in question for the purpose of determining whether it was includable in the estate of C. R. Ritcheson.

6. Since the probate court had jurisdiction of the estate of C. R. Ritcheson and to determine the ownership of property as between the estate and the widow, errors

committed by the probate court would not render rights judgments void, since they could have been corrected by that court or an appeal from it.

The chancellor treated the demurrers of the defendants as to alleged fraud on the probate court with respect to the administration of the estate of C. R. Ritcheson and the guardianship of Frances Ritcheson as a motion to make the allegations more definite and certain and granted the motion, but appellant elected to stand upon his complaint without pleading further, so the chancery court dismissed the complaint.

A proper treatment of the issues on this appeal has been rendered extremely difficult because appellees Peevy, Smith, Brewer, Schreiber and Snoderly elected not to follow the same sequence and arrangement of points as contained in appellant's brief as required by Rule 9 (c) of the Rules of the Supreme Court and the Court of Appeals. We have not stricken any briefs for such violations, but counsel should give some logical and persuasive reason for not following this rule designed to expedite the disposition of appeals. Because of the deviation here, we will dispose of some contentions made by these appellees before treating the five points for reversal asserted by appellants.

The contention that the finding and determination of a chancery court will not be reversed unless it is clearly against the preponderance of the evidence has no application whatever in an appeal from the sustaining of a demurrer.

We are unable to find anything on the face of the complaint to show that the court has no jurisdiction of the person of any of the appellees. The demurrer on that ground is not well taken. Ark. Stat. Ann. §§ 27-1115, -1119 (Repl. 1962).

The failure of the appellant to exhibit the instruments he sought to have cancelled did not make the complaint demurrable, although a motion to require appellant to make his complaint more definite and certain might have been appropriate. We are baffled by the assertion that appellant advanced no legal theory for the ownership interest of Frances

Ritcheson and only made the bare allegation that, at the time of her death, she owned the three separate tracts of real estate or had a dower interest in view of the fact that appellant attached, as exhibits to the complaint, deeds and stock certificates under which title to real property and corporate stock was claimed. The absence of titles, bills of sale, or other evidence of title to tangible personal property or explanation of the failure to produce them also might have been the basis for a motion to make the complaint more definite and certain, but did not make the complaint demurrable. See *Driesbach* v. *Beckham,* 178 Ark. 816, 12 S.W. 2d 408. An allegation of ownership of tangible personalty is more properly classified as an ultimate fact than as a conclusion, as appellee contends it to be. It is required that facts be stated and not as conclusions, but according to their legal effect, since the fact and not the mere evidence of it must be stated. *Ellis* v. *First National Bank,* 163 Ark. 471, 260 S.W. 714; *Driesbach* v. *Beckham,* supra. A complaint should allege substantive or issuable facts and it is not necessary that the evidence, or a history of the transactions leading up to the essential or issuable facts, be stated. *Strange* v. *Bodcaw Lumber Co.,* 79 Ark. 490, 96 S.W. 152, 116 Am. St. Rep. 92.

Appellees' contention that there is no allegation in the complaint as to the date C. R. and Frances Ritcheson were married and that we cannot assume that the parties had been married for as long as three years is meritless. A sufficient answer to this contention is that exhibits to the complaint show that property was conveyed to them as husband and wife at least as early as 1964. The exhibits to a complaint in an equity case control its allegations and are to be considered in testing the sufficiency of those allegations. *Lavender* v. *City of Rogers,* 232 Ark. 673, 339 S.W. 2d 598; *Fisher* v. *Cowan,* 205 Ark. 722, 170 S.W. 2d 603. Although the facts alleged might not be sufficient to meet appellant's burden of proof if the issue were contested at trial, when we construe the complaint most favorably to the pleader, as we must, it sufficiently states that these parties were husband and wife in 1964, and were, until the death of C. R. Ritcheson. Once a status, such as marriage, is established, it is presumed to continue, until the contrary is shown, or a different and controlling presumption is advanced. *Welch* v. *All persons,*

78 Mont. 370, 254 P. 179 (1927); *Walker* v. *Hall,* 123 Ga. App. 457, 181 S.E. 2d 508 (1971). See also, *Norris* v. *State,* 22 Ark. 524. Appellant did allege that Frances was the wife of C.R. Ritcheson when he died. Thus we read the complaint as alleging that the two were married for at least seven years before Mr. Ritcheson died.

We need not dwell upon the distinction between direct and collateral attacks on probate court proceedings, as it is conceded that appellant's attack is collateral and that it must fail, unless its allegations are sufficient to show that the probate court had no jurisdiction over the property of appellant or no jurisdiction to appoint a guardian for Frances Ritcheson.

Appellant's first point for reversal is that the chancery court erred in holding that the probate court had authority to sell property to which Mrs. Ritcheson had sole title. In making this argument, appellant points out that under Art. 7 § 34 of our constitution, as amended by Amendment 24, the probate court has exclusive original jurisdiction in matters relative to the estates of deceased persons as then vested in the probate court or thereafter prescribed by law. He then asserts that the implementing statute is Ark. Stat. Ann. § 62-2004 (b) (Repl. 1971) and that it sets forth that jurisdiction. Insofar as the estates of deceased persons are concerned, that statute merely provides that the probate court shall have jurisdiction of the administration, settlement and distribution of estates of deceased persons and determination of heirship, construction of wills when incident to administration, establishment of lost wills and such other matters as were then or thereafter provided by law. He asserts that the probate court only had jurisdiction over assets of the decedent at the time of his death, and the probate court had no subject matter jurisdiction over property held by the Ritchesons as an estate by the entirety. He points out that under Ark. Stat. Ann. § 62-2301 (Repl. 1971) the administrator is required to make an inventory of all property owned by the decedent at the time of his death, except such interests as are terminated by reason of his death. He argues that the administrator of the estate of C. R. Ritcheson could not pass title to any such property, because title passed to Frances

automatically upon her husband's death.

Appellant's reliance upon *Farmers Cooperative Ass'n. v. Webb*, 249 Ark. 277, 459 S.W. 2d 815, does not settle the issue. There we held that title to real estate of a decedent passed automatically to his heirs upon his death, subject to appropriate provisions for administration under the probate code and the widow's dower and homestead right, if any. The decedent there left a will leaving his property to his wife, but did not mention any of his three children. The executrix treated the real property as an asset of the estate. We held that title vested in the pretermitted children as a matter of law and that it was not vested in the widow by an order of final distribution directing the executrix to deliver all assets of the estate to the widow, as provided by the decedent's will, because the probate court had no power to do this and because the will was a nullity as to the pretermitted children. We clearly recognized that different questions would have been presented had the property been sold under the orders of the probate court for the purpose of paying debts or any other purpose over which the probate court would have jurisdiction. We also pointed out that title to the property was not in issue in the probate court. There is no allegation here that the property was not sold for a proper purpose under the probate code, so the question is actually whether such a sale is void for want of jurisdiction over the property.

*Collins* v. *Paepcke-Leicht Lumber Co.*, 74 Ark. 81, 84 S.W. 1044, relied upon by appellant, is also distinguishable. There the sale of the lands involved was held to have been beyond the probate court's jurisdiction, because the order of sale showed affirmatively that it was made to pay expenses of administration and not debts of the decedent or expenses incurred in the course of administration to pay debts due personally by the decedent. At the time, the probate court had no jurisdiction to make a sale for the purposes for which that sale was made.

In holding that the probate court had jurisdiction to determine the title to the property held as tenants by the entirety, the chancellor, relying principally upon *Snow* v. *Martensen*, 255 Ark. 1049, 505 S.W. 2d 20, after carefully

reviewing *Ellsworth* v. *Cornes,* 204 Ark. 756, 165 S.W. 2d 57; *Carlson* v. *Carlson,* 224 Ark. 284, 273 S.W. 2d 542; *Hartman* v. *Hartman,* 228 Ark. 692, 309 S.W. 2d 737 and *Hilburn* v. *First State Bank of Springdale,* 259 Ark. 569, 535 S.W. 2d 810, held that, since neither Frances Ritcheson or her guardian were third parties so far as the estate of C. R. Ritcheson was concerned, the Benton County Probate Court had jurisdiction to determine the ownership of the property. Accordingly, the chancellor held that any errors in the probate proceedings were correctible by the probate court, or on appeal from that court, and sustained the demurrer with respect to allegations that the probate court had no jurisdiction over Frances Ritcheson's separate property which passed to her on the death of her husband.

There are several problems with this approach. The first one is that none of the cases reviewed by the chancellor except *Hilburn* involved real estate, and that case was decided upon the basis that the mother of the decedent was a third party, so far as the administration of his estate was concerned. As appellant has pointed out, *Farmers Service Cooperative Ass'n.* v. *Webb,* supra, does emphasize the fact that the probate court had never had jurisdiction over the real property there involved, but that holding is not controlling because real property has been sold in this case, presumably for a purpose over which the probate court had jurisdiction. The probate court has no jurisdiction over real property of a decedent, except for purposes set out in Ark. Stat. Ann. § 62-2704 (Repl. 1971). Under Ark. Stat. Ann. § 62-2401 real property is an asset in the hands of the administrator only when the court finds that it should be sold, mortgaged, leased or exchanged for purposes stated in the statute. Mrs. Ritcheson was an interested party and a distributee in the administration proceeding. Notice of the hearing stating the nature of the application for the sale of real property must be given only to such interested persons as the court may direct. Ark. Stat. Ann. § 62-2714 (Repl. 1971). No notices required by the probate code in the administration of estates of deceased persons are jurisdictional except as provided in Ark. Stat. Ann. §§ 62-2110 and 62-2902. Ark. Stat. Ann. § 62-2101 (Repl. 1972). § 62-2110 has to do with notice of hearing on a petition for the appointment of an adminis-

trator. If the petition is not opposed by an interested party, the court may hear and act on the petition without notice. Ark. Stat. Ann. § 62-2109 (Repl. 1971). There is no allegation in appellant's complaint that Frances Ritcheson opposed the petition for appointment of Peevy. The probate of C. R. Ritcheson's estate was a proceeding in rem. Ark. Stat. Ann. § 62-2101. Appellant does not contend that Mrs. Ritcheson was incompetent at that time. As a matter of fact the only fair inference to be drawn from the pleading is that she was not incompetent. If so, any waiver of notice of sale by her guardian is unimportant.

Appellant points out that it is the duty of the administrator to omit from his inventory those interests in property terminated by the decedent's death. Ark. Stat. Ann. § 62-2301 (Repl. 1971). In the absence of any allegation in the complaint on the subject, we must assume that the administrator performed his duty properly.

Although we have never been confronted with the exact question, it seems that the probate court does have jurisdiction in a contest between an interested person and the personal representative over the title to real property whenever that property is treated as an asset of the decedent.

In *Carlson* v. *Carlson,* supra, the widow claimed ownership of tangible personalty by gift inter vivos. We held that the probate court had the power to decide the question of title. It is true that the property involved was listed in the inventory of that estate, which was an indication that the personal representative was treating that property as an asset of the estate. Here the petition for the sale of the property was an indication that it was being treated as an asset of the estate. It seems that Mrs. Ritcheson could have asserted her title when the petition for sale was filed or at any time thereafter, prior to confirmation.

In *Snow* v. *Martensen,* supra, interested persons challenged the omission of intangible personal property from the inventory, claiming that it was an asset of the estate being administered. We thought the better rule was that probate courts do have jurisdiction to determine the ownership of

property as between personal representatives claiming for the estate and heirs or beneficiaries claiming adversely to the estate. Although Mrs. Ritcheson was neither an heir nor a beneficiary, she was an interested person, as the spouse of the decedent, and a person having an interest in the estate being administered. No reason appears why the same rule should not apply to all interested persons.

We do not agree with the chancellor, however, that the demurrer must be sustained on the basis that the probate court's jurisdiction to decide a contest between the widow and the decedent's estate as to the title to property, which, so far as the record before us on demurrer is concerned, was the sole property of the widow, gave the court such jurisdiction over the property itself, in the absence of an adjudication favorable to the administrator in a contest with the widow. Res judicata cannot be raised by demurrer, unless all the essential facts appear upon the face of the complaint. *May* v. *Edwards,* 258 Ark. 871, 529 S.W. 2d 647; *Adams* v. *Billingsley,* 107 Ark. 38, 153 S.W. 1105. Even though all the essential facts do not so appear, there may well be such a defense. That question and the effect of Ark. Stat. Ann. § 62-2710 (Repl. 1971) and the status of some of appellees, as bona fide purchasers for value, and other defenses, such as estoppel, which may be available to appellees are not now before us, and none of them are foreclosed upon remand.

Appellee contends that a waiver by Peevy, as guardian, of notice of sale of the property (which appears on the face of the complaint to have been that of his ward), by Peevy, as administrator of the estate of C. R. Ritcheson, is sufficient to justify sustaining the demurrer. Appellant alleged that this waiver was void. Putting aside the question of Peevy's apparent conflicting fiduciary duties for the purposes of this decision, we move to appellant's second point, which also concerns the validity of Peevy's action as guardian.

Appellant contends that the guardianship and all proceedings therein are void, because the probate court had no jurisdiction to appoint a guardian for Mrs. Ritcheson. He alleged that the petition for guardianship shows on its face that she was not incompetent within the meaning of Ark.

Stat. Ann. § 57-601 (Repl. 1971), which defines an incompetent for guardianship purposes. Except for those under age, an incompetent is one who is incapable by reason of insanity, mental illness, imbecility, idiocy, senility, habitual drunkenness, excessive use of drugs, or other mental incapacity, of managing his property or caring for himself. The jurisdiction of the probate court in guardianship matters is limited to guardians and persons of unsound mind and their estates as vested in courts of probate at the time of the adoption of Amendment 34 or as thereafter prescribed by law.

The power of the probate court to appoint a guardian in cases such as this, and at all times pertinent on this appeal, is set out in Ark. Stat. Ann. § 57-614 (Repl. 1971). Under that section of the statute, the court must be satisfied that the person for whom the guardian is sought is either a minor or otherwise incompetent. The petition for guardianship must state the nature of the alleged ward's incapacity. Ark. Stat. Ann. § 57-609 (Repl. 1971). In determining incompetency of one other than a minor, the probate court must require that the evidence of incompetency include the testimony or the sworn written statement of one or more qualified medical witnesses. Ark. Stat. Ann. § 57-615 (Repl. 1971). Appellant alleged that the petition for appointment of the guardian merely stated that Frances Ritcheson was unable to care for herself because of physical impairment. The probate court had no jurisdiction to appoint a guardian for such a person, at least under the law at the time of this guardianship proceeding. Any doubt about the matter may be resolved by reference to the comment of the committee which drafted the legislation. Its comment following Ark. Stat. Ann. § 57-601 states, in part:

Under subsection (2) the inability which would permit the appointment of a guardian is limited to some form of mental incapacity. This Code does not authorize the appointment of a guardian for a person who may be incapacitated physically as long as a person has mental faculties sufficient to understand the nature of his property and to protect it by agent even though he may be unable to do so in person. ***

Thus it is quite clear that the probate court had no jurisdiction to appoint a guardian for a person with an incapacity of the nature of that described in the petition. The argument that the legislature's later adoption of Act 372 of 1974 providing for the appointment of a conservator for one who is unable to manage his property by reason of physical disability somehow validates this appointment is unconvincing. Appellees say that Mrs. Ritcheson signed the petition, but that fact is not shown by the complaint, so we do not consider it. She could not, however, confer subject matter jurisdiction by consent.

Appellant argues that the probate court had no jurisdiction to sell real property when the sale was not necessary to pay debts incurred by C. R. Ritcheson in his lifetime. He contends that immediately upon the death of the husband, title vested in his widow under Ark. Stat. Ann. § 61-149 (b) (Repl. 1971), since she had been married to him for more than three years. The complaint is silent as to the existence of any descendants of C. R. Ritcheson, so we cannot assume that this statute applies in this case. Appellant says, however, that she was entitled to dower and homestead. There is nothing in the complaint to indicate that this property was the homestead of C. R. Ritcheson.

Appellant argues that the administrator could sell the lands only if that were necessary to pay the debts of C. R. Ritcheson, relying upon *Calmese v. Weinstein,* 234 Ark. 237, 351 S.W. 2d 437; *Cranna, Administrator v. Long,* 225 Ark. 153, 279 S.W. 2d 828 and *Dean v. Brown,* 216 Ark. 761, 227 S.W. 2d 623. Appellant's reliance upon quotations from these cases is unjustified because their effect has been nullified by Act 424 of 1961. Since the passage of that act, real estate vests in the heirs of a decedent, subject to the widow's dower and to sale for the payment of debts, the preservation or protection of the assets of the estate, the distribution of the estate or any other purpose in the best interest of the estate. Ark. Stat. Ann. §§ 62-2401 (Repl. 1971), 62-2714 (Repl. 1961); *Doss v. Taylor,* 244 Ark. 252, 424 S.W. 2d 541; *Price v. Price,* 258 Ark. 363, 527 S.W. 2d 322.

The sale, however, is not necessarily free of the

widow's dower. Such a sale is not void for want of jurisdiction, but is simply inoperative as far as the widow's dower is concerned. *Shell* v. *Young,* 78 Ark. 479, 95 S.W. 798; *Livingston* v. *Cochran,* 33 Ark. 294. See also, *Regional Agricultural Credit Corp.* v. *Polk,* 214 Ark. 285, 215 S.W. 2d 523.

There may be valid defenses as to this claim on behalf of the widow but they do not appear on the face of the complaint. Appellant points out that the sale did not include the tract for which the dower claim is made, but that another tract was erroneously described in that proceeding, so the sale may not have affected Mrs. Ritcheson's rights.

The decree is reversed and the cause remanded for further proceedings consistent with this opinion.

HARRIS, C.J., not participating.

BYRD, J., dissents.