LARRY D. VAUGHT, Judge
This appeal arises from Sarah Howard Jenkins's[1] petition for guardianship over the person and estate of her mother, Vivian Howard. Vivian appeals the Jefferson County Circuit Court's order requiring Sarah and her sister Risie Howard to work together to immediately obtain a professional evaluation of Vivian's medical condition.[2] We affirm the circuit court's order.
Vivian is ninety-two years old. She is deaf and partially blind, uses a wheelchair, and has been cared for in her home by her daughter Risie since 2012. In July 2017, Vivian's daughter Sarah filed a petition for guardianship of the person and estate of Vivian, citing Vivian's declining health and inability to manage her finances and care. Sarah alleged that, while her sister Risie had been living with their mother, Risie had transferred a significant amount of Vivian's money to Risie's personal checking account, directed that numerous payments be made from Vivian's accounts for Risie's expenses, and failed to properly care for Vivian. Vivian filed a motion to dismiss on which the court never ruled.
The original guardianship hearing was set for September 12, 2017, but was continued on a motion filed by Vivian. At the subsequent hearing, held on February 7, 2018, Vivian argued that the petition should be denied because the statutorily required medical evaluation had not been performed. The court stated that the argument was premature. Dr. Robin Perry testified that she has been treating Vivian for approximately two years. Vivian's attorney objected that Dr. Perry's testimony should be excluded pursuant to the doctor-patient privilege, which Vivian had not waived. The court took the argument under advisement. Dr. Perry testified to examining Vivian on March 21, 2017, and testified to Vivian's medical conditions, including moderate-to-severe age-related dementia. Dr. Perry's professional evaluation was entered into evidence as petitioner's exhibit 1.
Sarah testified about the events giving rise to her guardianship petition. During Sarah's testimony, the court noted the time of day and stated that it was clear that the hearing could not be completed in *774 the time remaining and that it would need to be continued. The court ordered that Vivian remain in Risie's care until the next hearing but said that the rest of the family should have access to Vivian. The court then noted that both the court and the bailiff had concerns about Vivian's current medical condition and stated,
The court security officer is concerned about her. I am concerned about her. I want her taken and evaluated and I want a report back on whether she needs to remain where she is at on Second Street in her home or does she need to be placed in an assisted living facility or a medical wing of a hospital. Based on what I've heard so far, what I see and the court's bailiff's concerns observing her, I'm concerned about her and I want this done. So I want Ms. Jenkins and Ms. Risie Howard, I am appointing both of you to see that your mother gets to a doctor. And if you want to use Dr. Perry, let's just use Dr. Perry.
The court continued the hearing and issued a written order requiring the sisters to obtain a professional medical evaluation on Vivian the following day, February 8. The court's order required that the evaluation address Vivian's medical condition(s) and provide recommendations as to her future care, including but not limited to continued care at home, full-time nursing-home care, or assisted-living care. Vivian filed a notice of appeal stating that she was immediately appealing this order pursuant to Rule 2(a)(12) of the Arkansas Rules of Appellate Procedure-Civil.
We review probate proceedings de novo, but we will not reverse a finding of fact by the circuit court unless it is clearly erroneous. Donley v. Donley , 2016 Ark. 243, at 6, 493 S.W.3d 762, 766 (citing Graham v. Matheny , 2009 Ark. 481, 346 S.W.3d 273 ). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. Id. at 6, 493 S.W.3d at 766. When reviewing the proceedings, we give due regard to the opportunity and superior position of the circuit court to determine the credibility of the witnesses. Id. , 493 S.W.3d at 766. However, we give no deference to the circuit court on matters of law. Freeman v. Rushton , 360 Ark. 445, 202 S.W.3d 485 (2005).
Although Vivian has appealed only the order requiring her to undergo a professional medical evaluation, her first point on appeal attacks the court's subject-matter jurisdiction over the entire case and seeks dismissal of Sarah's guardianship petition. Vivian claims that, because a professional evaluation was not attached to the petition for guardianship, the court had no power to hear the matter or issue the order from which she appeals. She presents the issue as one of subject-matter jurisdiction. We disagree.
Whether Sarah has fully complied with the statutory requirements[3] for obtaining a guardianship is not a jurisdictional issue, and this challenge is not properly before us for appellate review. Vivian relies heavily on Keenan v. Peevy , 267 Ark. 218, 235-36, 590 S.W.2d 259, 269 (1979), in which the Arkansas Supreme Court held *775 that a probate court lacked subject-matter jurisdiction to grant a petition for guardianship that failed to allege that the person over whom the guardianship was sought suffered from any form of mental incapacity. Vivian did not raise lack of subject-matter jurisdiction below, and she never obtained a ruling from the circuit court on the issue. While jurisdictional issues can be raised for the first time on appeal, the Arkansas Supreme Court has also explained that "it is only when the lower court lacks jurisdiction in any and all circumstances that the challenging party will be excused from objecting to the jurisdiction in the trial court." Parker v. Sebourn , 351 Ark. 453, 456, 95 S.W.3d 762, 763 (2003). This distinction can be instructive in understanding the holding in Keenan , which was one of the rare cases in which the lower court lacked jurisdiction in any and all circumstances (i.e., there was no circumstance in which the circuit court would have had authority under the statute to enter a guardianship over a person who had only a physical incapacity and no alleged mental incapacity). The same cannot be said about the case at bar. Vivian's argument is not that Sarah failed to allege facts under which the guardianship statute would have conferred jurisdiction, it is essentially a challenge to the sufficiency of the proof Sarah has presented as to Vivian's alleged incapacity.
In a recent guardianship case, we addressed a similar issue and explained,
At oral argument, [appellant's] counsel made clear that this was an argument about the circuit court's jurisdiction to issue the original guardianship order, asserting that the petition's deficiencies meant that the court lacked jurisdiction to issue the order. We disagree. The law has long recognized a difference between a lack of jurisdiction and the erroneous exercise of jurisdiction. See, e.g. , Cato v. Craighead Cty. Circuit Court , 2009 Ark. 334, at 5, 322 S.W.3d 484, 488 (citing Erin, Inc. v. White Cty. Circuit Court , 369 Ark. 265, 268, 253 S.W.3d 444, 446 (2007) ). Moreover, in other cases in which we have found that the statutory requirements for obtaining a guardianship were not met, we have reversed rather than dismissed for lack of jurisdiction, indicating that a deficiency in the evidence presented to obtain the guardianship order does not strip the court of jurisdiction. See Autry v. Beckham , 2014 Ark. App. 692, at 7, 450 S.W.3d 247, 251.
Baptist Health Med. Ctr. v. First Cmty. Bank of Batesville , 2017 Ark. App. 671, at 4-5, 537 S.W.3d 760, 763. Therefore, because the arguments Vivian presents on appeal regarding Sarah's alleged failure to meet the statutory requirements to obtain a guardianship are not jurisdictional in nature, and because she failed to raise the issue or obtain a ruling, we will not address them.
Vivian also specifically challenges the court's authority to issue the professional-evaluation order from which she appeals. Arkansas Code Annotated section 28-65-212, which requires that a professional evaluation be performed within six months of the hearing, specifically states that "[i]f no professional evaluations performed within the last six (6) months are available, the court will order an independent evaluation." Ark. Code Ann. § 28-65-212(c)(1). Vivian's objections to the timeliness of Dr. Perry's evaluation make subsection (c)(1) all the more applicable. The court had statutory authority to order an independent medical evaluation for Vivian.[4]
*776 All of Vivian's remaining arguments relate to the sufficiency or admissibility of the evidence supporting Sarah's guardianship petition.[5] As the court has not yet ruled on the merits of her petition, and since additional evidence is expected when the hearing resumes, these challenges are not yet ripe for our review. Ripeness is a jurisdictional requirement, and we lack jurisdiction to consider issues that are not ripe for appellate review. Hardin v. Bishop , 2013 Ark. 395, at 10, 430 S.W.3d 49, 55 ; Turner v. Brandt , 100 Ark. App. 350, 268 S.W.3d 924 (2007) (holding that the circuit court's threat to hold a litigant in contempt was not ripe for appellate review because a contempt order had not yet been issued by the court). While Rule 2(a)(12) of the Arkansas Rules of Appellate Procedure-Civil and Arkansas Code Annotated section 28-1-116 allow for an immediate appeal from all orders in probate cases,[6] the rule does not create appellate jurisdiction over issues that are not yet ripe for appeal.
Affirmed.
Gruber, C.J., and Klappenbach, J., agree.

Portions of our record also refer to the appellee as Sarah Howard Jenkins Hobbs. For clarity, we have used the name by which she refers to herself in the appellee's brief.

On appeal, Sarah argues that Risie, not Vivian, is the true appellant. While we note that Risie's various roles in the case have caused some procedural confusion (she has, at various times, appeared as counsel of record for her mother and is also a fact witness in the case), Risie is not a party and has not claimed to bring an appeal on her own behalf. Vivian, a named party in the case, has appealed, and we recognize her as the appellant.

Arkansas Code Annotated section 28-65-212(a)(1) (Repl. 2012) requires that a professional evaluation be performed prior to the court hearing on any petition for guardianship (with a few exceptions that do not apply here). The statute later provides additional guidance as to what the evaluation must entail. It must have been completed within six months of the hearing. Ark. Code Ann. § 28-65-212(c)(1). Here, Vivian challenges (1) the fact that the evaluation was not attached to the petition and (2) the timeliness of Dr. Perry's evaluation.

Moreover, Vivian has waived this argument by voluntarily complying with the court's professional-evaluation order. A person who voluntarily complies with an order may not appeal the order. See, e.g. , Hall v. Hall , 2012 Ark. 429, at 2, 2012 WL 5583645. Our record contains Risie's response to a contempt petition filed by Sarah; Risie stated that she "believed that [they] had complied," because her mother was examined by an emergency-room doctor on February 8 and those records were faxed to the court the same day.

Vivian argues that Dr. Perry's testimony should have been excluded pursuant to doctor-patient privilege and HIPPA, that Dr. Perry's testimony and evaluation form are insufficient to support the petition, and that the guardianship petition was contrary to Vivian's wishes as expressed in a succession of healthcare directives and durable powers of attorney.

The statute does not allow for an immediate appeal from an order removing a fiduciary for failure to give a new bond or render an accounting required by the court or an order appointing a special administrator. Ark. Code Ann. § 28-1-116.