Cite as 2023 Ark. App. 350

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-22-252

| | |
|---|---|
| GINA BETTIS<br><br>APPELLANT<br><br>V.<br><br>AMERIPRISE FINANCIAL SERVICES, INC., AKA AMERIPRISE FINANCIAL SERVICES, LLC; AND EVAN CONNOLLY BETTIS AND MEGAN MARIE BETTIS, TRUSTEES OF THE VICTOR L. BETTIS LIVING TRUST<br><br>APPELLEES | Opinion Delivered August 30, 2023<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION<br>[NO. 60CV-20-4516]<br><br>HONORABLE HERB WRIGHT, JR., JUDGE<br><br><br>REVERSED AND REMANDED |

**RAYMOND R. ABRAMSON, Judge**

Appellant Gina Bettis ("Gina") brings this interlocutory appeal from the January 13, 2022 order of the Pulaski County Circuit Court denying her motion to compel arbitration and her motion to dismiss the third-party complaint against her. On appeal, Gina argues that this court should reverse the circuit court's denial of her motion to compel arbitration because a valid agreement to arbitrate exists. We agree, and we reverse and remand for further proceedings consistent with this opinion.

Before his death on July 8, 2020, Gina's husband, Victor L. Bettis ("Victor"), owned an Ameriprise IRA account ("Victor's IRA"). Gina was the beneficiary named in Victor's IRA. Following his death, Gina, through the advice of Ameriprise Financial acting through

its representative, Doug Wilson, her financial advisor, exercised her right to roll over Victor's IRA into an IRA of her own, thereby designating herself as the account owner (hereafter referred to as "Gina's IRA"). This IRA was established, fully funded, and vested on July 24, 2020––sixteen days after Victor's death.

On August 17, Evan Connolly Bettis and Megan Marie Bettis ("Trustees"), Victor's two children from a prior marriage, filed suit as the Trustees of the Victor L. Bettis Living Trust against Ameriprise Financial Services, Inc., d/b/a Ameriprise Financial Services, LLC ("Ameriprise"), and Doug Wilson. In their complaint, they allege that during his lifetime, Victor established the Victor L. Bettis Living Trust on March 18, 2020; pursuant to the terms of the trust, Victor's IRA was to become an asset of the trust. They further allege that they are the successor Trustees of the Victor L. Bettis Living Trust, which became irrevocable upon Victor's death.

They also allege that a "Tax-Qualified Accounts Designation" was executed that changed the beneficiary of Victor's IRA from Gina to the Victor L. Bettis Living Trust and was forwarded by Victor's estate-planning attorney to Doug Wilson, the Ameriprise representative. The Trustees allege that Ameriprise negligently failed to timely process the beneficiary-change request prior to Victor's death on July 8, 2020. As a result of such negligence, Gina–rather than Victor's trust–remained the beneficiary when Victor died.

The Trustees assert a claim against Ameriprise and Doug Wilson for their negligence in not timely processing the change-of-beneficiary form. The Trustees do not assert a claim against Gina, nor do they assert any claim to Gina's IRA.

On October 29, 2020, Ameriprise filed its third-party complaint and counterclaim for interpleader against Gina. After Victor's death on July 8, the proceeds of Victor's IRA were used to fund Gina's IRA. Ameriprise acknowledges that at an undetermined time, it froze or otherwise restricted the funds in Gina's IRA.

Ameriprise alleged that Gina's IRA ownership conflicts with the Trustees' contention that Ameriprise and its representative were negligent. Even though the Trustees assert neither a claim against Gina nor a claim to Gina's IRA, Ameriprise contends that the Trustees and Gina have conflicting claims to the funds in Gina's IRA, and Ameriprise should therefore be permitted to interplead Gina's IRA and be absolved from further liability to Gina for her IRA.

On November 19, Gina filed a motion to dismiss the third-party complaint against her. She pled that the third-party plaintiff, Ameriprise, did not attach to its complaint copies of Victor's IRA, the Tax-Qualified Accounts Designation, or Gina's IRA, all of which are written documents upon which the third-party plaintiff bases its claims and are required attachments pursuant to Rule 10(d) of the Arkansas Rules of Civil Procedure.

The same day, Gina filed a separate motion to compel arbitration. After reciting some of the procedural history of the controversy, she alleges that in their complaint, the Trustees do not claim ownership of Gina's IRA, or even mention it.

Gina argues, and we agree, that Gina's IRA is a written contract between her and Ameriprise. It is dated July 24, 2020, and it clearly contains the parties' agreement to

3

arbitrate. On page 6 of Gina's IRA, immediately above the signatures of Gina and Doug Wilson, the following appears in bold type:

> **You understand that your IRA is governed by a predispute arbitration clause, found in the custodial agreement in Article III, Number 14, Page 9 of 'Your Guide to IRAs,' Article III, Number 14, Page 8 of 'Your Guide to SIMPLE IRAs,' and Article IX, Number 14, Page 8 of 'Your Guide to Roth IRAs.' You acknowledge receipt of the predispute arbitration clause.**

On December 3, Ameriprise and Doug Wilson filed their response to Gina's motion to compel arbitration and filed their own countermotion to compel arbitration as to all parties or dismiss the complaint for failure to join a necessary party. In it, Ameriprise and Doug Wilson do not specifically deny the allegations in the motion to compel, nor do they deny that Gina's IRA contains a specific agreement to arbitrate any controversy or claim with Gina.

Instead, they argue their reasons for contending that either the Trustees be required to join in any arbitration or that the lawsuit be dismissed. The circuit court did not rule on their countermotion to compel arbitration as to all parties or dismiss the complaint for failure to join a necessary party. Consequently, their countermotion is not ripe for appellate review. "Ripeness is a jurisdictional requirement, and we lack jurisdiction to consider issues that are not ripe for appellate review." *Howard v. Jenkins*, 2019 Ark. App. 15, at 6, 568 S.W.3d 771, 776 (denying appellate review of motion not yet ruled on by circuit court in interlocutory appeal).

On May 4, 2021, the circuit court held a hearing on Gina's motion to compel. In its January 13, 2022 order, the circuit court denied the motion to compel arbitration and

denied the motion to dismiss the third-party complaint without stating its reasons. Gina has brought this interlocutory appeal from the court's January 13 order.[1]

We review a circuit court's order denying a motion to compel arbitration de novo on the record. *Courtyard Gardens Health & Rehab., LLC v. Quarles*, 2013 Ark. 228, 428 S.W.3d 437. Arbitration is simply a matter of contract between parties. *Id.* We decide the issues on appeal using the record developed in the circuit court without deference to the circuit court's ruling. *Pine Hills Health & Rehab., LLC v. Talley*, 2018 Ark. App. 131, 546 S.W.3d 492. This court is not bound by the circuit court's decision; however, in the absence of a showing that the circuit court erred in its interpretation of the law, we will accept its decision as correct on appeal. *Diamante v. Dye*, 2013 Ark. App. 630, 430 S.W.3d 196.

On appeal, Gina argues that the circuit court erred in denying her motion to compel arbitration. When asked to compel arbitration, a circuit court is limited to deciding two threshold questions. The court must first consider whether there is a valid agreement to arbitrate between the parties. On appeal, we look to state contract law to determine if the parties' agreement is valid, even though an arbitration agreement is subject to the Federal Arbitration Act. *GGNSC Holdings, LLC v. Chappel*, 2014 Ark. 545, 453 S.W.3d 645.

The circuit court must affirmatively find the existence of a valid agreement to arbitrate between the parties before conducting any further analysis. If the court does find a valid agreement to arbitrate, then the court must consider whether the dispute falls within its

---

[1]This court's jurisdiction is pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(12).

scope. *Asset Acceptance, LLC v. Newby*, 2014 Ark. 280, 437 S.W.3d 119. In answering these questions, doubts about arbitrability must be resolved in favor of arbitration. *GGNSC Holdings, LLC v. Lamb ex rel. Williams*, 2016 Ark. 101, 487 S.W.3d 348. Only when the court finds affirmatively that a valid agreement to arbitrate exists between the parties and that the dispute falls within its scope will the court consider any defenses to the enforcement of the agreement. *See Bank of the Ozarks, Inc. v. Walker*, 2014 Ark. 223, 434 S.W.3d 357.

Here, the circuit court's order states only that the motion to compel arbitration was denied. The circuit court did not address either of the two threshold questions. Moreover, Ameriprise does not deny that there is an arbitration clause in its contract with Gina. On appeal, it simply contends that the circuit court properly denied the motion to compel arbitration because granting it would force Ameriprise to litigate "two sides of a family dispute" in two separate forums. We hold that Gina's motion to compel arbitration with Ameriprise should have been granted. Therefore, we reverse and remand for entry of an order consistent with this opinion.[2]

Reversed and remanded.

HARRISON, C.J., and VIRDEN, J., agree.

*William L. Owen, P.A.*, by: *William L. Owen*; and *Hale & Young, P.L.L.C.*, by: *Virgil W. Young*, for appellant.

---

[2]We decline to address the circuit court's denial of Gina's motion to dismiss the third-party complaint against her at this time.

*Kutak Rock LLP*, by: *Andrew King* and *McKenzie L. Raub*, for separate appellee Ameriprise Financial Services, Inc.

*The Jiles Firm, P.A.*, by: *Matthew K. Brown* and *Thomas V. Vinson*, for separate appellees Evan Connolly Bettis and Megan Marie Bettis, trustees of the Victor L. Bettis Living Trust.