Cite as 2025 Ark. App. 63

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CV-23-473

| | |
|---|---|
| PINES - PROGRESSIVE ELDERCARE SERVICES, INC., D/B/A THE PINES NURSING AND REHABILITATION CENTER; PINES SNF OPERATIONS, LLC, D/B/A THE PINES NURSING AND REHABILITATION CENTER; PROGRESSIVE ELDERCARE SERVICES, INC.; OHI ASSET (AR) HOT SPRINGS, LLC; PROFESSIONAL NURSING SOLUTIONS, LLC; CAREPLUS STAFFING SERVICES, LLC; PROCARE THERAPY SERVICES, LLC; SOUTHERN ADMINISTRATIVE SERVICES, LLC; AND STACIE EDIE, INDIVIDUALLY AND IN HER CAPACITY AS THE ADMINISTRATOR OF PINES - PROGRESSIVE ELDERCARE SERVICES, INC., D/B/A THE PINES NURSING AND REHABILITATION CENTER<br><br>APPELLANTS<br><br>V.<br><br>TINA BROCK, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BARBARA CROWSON, DECEASED, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF BARBARA CROWSON<br><br>APPELLEE | Opinion Delivered February 5, 2025<br><br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CV-21-1085]<br><br><br>HONORABLE RALPH C. OHM, JUDGE<br><br>AFFIRMED |

**CINDY GRACE THYER, Judge**

Pines - Progressive Eldercare Services, Inc., d/b/a The Pines Nursing and Rehabilitation Center; Pines SNF Operations, LLC, d/b/a The Pines Nursing and Rehabilitation Center; Stacie Edie, individually and in her capacity as the administrator of Pines - Progressive Eldercare Services, Inc., d/b/a The Pines Nursing and Rehabilitation Center; ProCare Therapy Services, LLC; Professional Nursing Solutions, LLC; Southern Administrative Services, LLC; Careplus Staffing Services, LLC; OHI Asset (AR) Hot Springs, LLC; and Progressive Eldercare Services, Inc. (collectively, appellants), appeal from an order of the Garland County Circuit Court denying their motion to compel arbitration in a nursing-home medical-negligence and wrongful-death case. Appellants argue that the agreement to arbitrate is valid, covers the parties' dispute, and is enforceable against the estate of Barbara Crowson (the Estate). More specifically, they argue that the agreement is enforceable against the Estate on a third-party-beneficiary theory. In the alternative, they argue that there are disputed issues of material fact under the Federal Arbitration Act (FAA), and a jury trial is required to determine whether the long-term-care-facility resident's son intended the arbitration agreement to benefit his mother. We affirm.

The following facts are undisputed.

Barbara Crowson was admitted to the Pines Nursing and Rehabilitation Center in Hot Springs, Arkansas, on July 10, 2020. At the time of her admission, Barbara's son, Johnny Crowson, signed the admission documents, which included the admission agreement and a separate arbitration agreement.

As for the admission agreement, Barbara was designated the "Resident," and Johnny signed the document as the "Resident's Representative" and indicated that he had a power of attorney.[1] Notwithstanding a broad provision incorporating other related documents into the admission agreement, the admission agreement specifically excluded the arbitration agreement, stating:

> Any agreement to arbitrate disputes shall be a separate freestanding agreement between the parties thereto and is not incorporated herein.

The arbitration agreement, on the other hand, provided that it was an agreement between "The Pines Nursing and Rehabilitation Center" and "Johnny Crowson," as the "Resident and/or Responsible Party," and was signed by Johnny as the "Responsible Party." Barbara is not named anywhere in that document.

The agreement states that a "Responsible Party" under the agreement is:

> (i) an individual authorized by the Resident, or otherwise as a matter of law, to enter into this Agreement on behalf of the Resident, or (ii) is an individual entering this agreement in his or her individual capacity, on his or her own behalf, with the Resident being a third party beneficiary of this Agreement.

The agreement expressly states that the signing of the agreement is not a condition of admission or a requirement of continued care; provides a window for rescission; and states

---

[1]This apparently was a health-care power of attorney.

3

that if the resident or responsible party rescinds the agreement, the resident will not be discharged from the facility.[2] It further provided:

> If I am acting as the Responsible Party and am not the Resident's Guardian, do not hold Power of Attorney for the Resident, and have not otherwise been authorized by the Resident to act on his or her behalf, I affirm that I am entering into this Arbitration Agreement in my individual capacity, and on my own behalf, for the benefit of the Resident.

Barbara died on October 9, 2020. Her daughter, Tina Brock, as personal representative of Barbara's estate and on behalf of the wrongful death beneficiaries, subsequently filed a complaint against appellants and several other individuals and entities alleging Barbara's death was due to their negligence.

Appellants answered, responding that a binding arbitration agreement existed between the parties and reserving the right to enforce the arbitration agreement. In response, the Estate moved to declare the arbitration agreement unenforceable. The Estate argued that Johnny did not have authority to agree to arbitration on Barbara's behalf; that her durable power of attorney did not include the authority to agree to arbitration; that she could not be bound by an arbitration agreement to which she was not a party; and that any ambiguity in the capacity in which Johnny signed the agreement must be construed against the appellees.

In response, separate appellants Pines – Progressive Eldercare Services, Inc; Pines SNF Operations, LLC; and Stacie Edie claimed that The Pines Nursing and Rehabilitation Center

---

[2]The "Arbitration Agreement Checklist" provided to, and signed by, Johnny also stated as the first item that the "[s]igning of the Arbitration Agreement is not a condition of admission."

4

had entered into a valid arbitration agreement with Johnny and that the Estate was bound by the terms of the agreement under a third-party-beneficiary theory. They then filed a countermotion seeking to compel arbitration. That motion was subsequently joined by the remaining appellants.

The Estate replied, arguing that the arbitration agreement was a separate and optional agreement entered into by Johnny, not Barbara; that he did not have legal authority to bind Barbara to that agreement; and that the contract lacked mutuality or evidence that Barbara was the party to be bound.

A hearing on the motions was held on November 22, 2022. At the hearing, the appellants asserted their third-party-beneficiary argument but candidly conceded that the case law was not in their favor. Upon questioning by the court, appellants' counsel made the following concessions: (1) the arbitration agreement was a contract between Johnny and The Pines Nursing and Rehabilitation Center; (2) Johnny, as a party to the arbitration agreement, signed in his individual capacity only; (3) Johnny did not have the authority to sign on Barbara's behalf; (4) Johnny did not have to sign the arbitration agreement for Barbara to be admitted to the facility; (5) Barbara was not a party to the arbitration agreement; (6) Barbara's status as a third-party beneficiary would not make her a party to the agreement, it would only allow her the benefit of someone else's contract; and (7) Barbara giving up her right to go to trial is not a benefit. Appellants argued, however, that the parties entered into the agreement with the intent that Barbara would be bound by it. When asked if he was aware of any case

5

in which a third-party-beneficiary contract for a resident would bind the resident to engage in arbitration, appellants' counsel replied no.

The Estate responded that Johnny had no authority to sign on Barbara's behalf, and because Barbara was not named in the contract, she could not be deemed a beneficiary of it. The Estate asserted that our caselaw provides that a person cannot enter into an arbitration agreement and bind a family member as a third-party beneficiary. Finally, it further responded that, while a third-party beneficiary can enforce an agreement entered into on his or her behalf, the agreement cannot be enforced against the third-party beneficiary.

After hearing the arguments of counsel, the circuit court entered an order granting the motion to declare the arbitration agreement unenforceable and denying the motion to compel arbitration. More specifically, the court found the arbitration agreement unenforceable due to Johnny's lack of authority—under either the health-care power of attorney or in his capacity as a "responsible party"—to enter into the arbitration agreement on behalf of his mother. It is from this order appellants have appealed.

On appeal, appellants contend that the third-party-beneficiary doctrine applies to bind the Estate to the arbitration agreement as a matter of law. More specifically, appellants maintain that The Pines Nursing and Rehabilitation Center entered into the arbitration agreement with Johnny, in his individual capacity, with the intent to benefit his mother, Barbara Crowson, a third party. The circuit court, however, did not rule on this argument, and it is therefore not preserved for our review. *See Courtyard Gardens Health & Rehab., LLC v. Quarles*, 2013 Ark. 228, 428 S.W.3d 437 (citing *Lucas v. Jones*, 2012 Ark. 365, 423 S.W.3d

580 (where an appellant fails to obtain a specific ruling below, we do not consider that point on appeal)). Here, in its order addressing whether the Estate was bound by the arbitration agreement, the circuit court limited its findings to whether Johnny had actual authority to enter into the arbitration agreement on behalf of his mother; there is no mention of appellants' third-party-beneficiary argument anywhere in the order. Because appellants' failure to obtain a ruling on their third-party-beneficiary argument is a procedural bar to our consideration of the issue on appeal, we are unable to reach the merits of their argument. *See Barker v. Clark*, 343 Ark. 8, 33 S.W.3d 476 (2000).

Appellants also argue, in the alternative, that the FAA requires a jury trial to determine material issues of fact concerning the making of the arbitration agreement. They contend that the parties disputed whether the agreement was intended to benefit Barbara; thus, the circuit court erred in denying the motion to compel without first holding a jury trial on this issue. We disagree.

The right to a jury trial on the issue of the creation of an arbitration agreement is governed by the FAA, specifically 9 U.S.C. § 4. Section 4 of the FAA states as follows:

> *A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition . . . for an order directing that such arbitration proceed in the manner provided for in such agreement.* Five days' notice in writing of such application shall be served upon the party in default. . . . If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. *If no jury trial be demanded by the party alleged to be in default . . . the court shall hear and determine such issue. Where such an issue is raised, the party alleged to be in default may . . . demand a jury trial of such issue*, and upon such demand the court shall make an order referring the issue or issues to a jury. . . .

7

(Emphasis added.)

For purposes of determining who may demand a trial by jury, the statute identifies two parties: a "party aggrieved" and a "party in default." Under section 4, a "party aggrieved" by the refusal of another party to arbitrate may petition the court for an order directing that the "party in default" be compelled to arbitrate. Thus, the "party aggrieved" is the party seeking to compel arbitration. But, it is clear that the statute gives only a "party in default," i.e., the party resisting arbitration, the right to demand a jury trial. *Id.*

In this case, appellants, as the parties seeking to compel arbitration, are the "parties aggrieved" under the FAA. Brock, acting as the personal representative of the Estate and the wrongful-death beneficiaries, is the party resisting arbitration and is, thus, the "party in default" under the statute. Accordingly, only Brock can demand a jury trial concerning the making of the arbitration agreement.

Appellants argue that Brock requested a jury trial in her complaint and did so without any limitation on the issues to be tried. However, while Brock requested a jury trial on the issues raised in her complaint, Brock made no such demand for a jury trial in the motion to compel arbitration. Thus, in accordance with the FAA, the circuit court properly proceeded on the merits of the motion. *Pines - Progressive Eldercare Servs., Inc. v. Carnahan*, 2024 Ark. App. 138, 686 S.W.3d 524.

Affirmed.

ABRAMSON and GLADWIN, JJ., agree.

*Kutak Rock LLP*, by: *Mark Dossett*, *Jeff Fletcher*, and *Caleb S. Sugg*, for appellants.

*Reddick Law, PLLC,* by: *Matthew D. Swindle* and *Heather G. Zachary,* for appellee.