Cite as 2026 Ark. App. 256

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CV-24-732

| | |
|---|---|
| AMERIPRISE FINANCIAL SERVICES, INC., N/K/A AMERIPRISE FINANCIAL SERVICES, LLC; AND DOUG WILSON<br>APPELLANTS | Opinion Delivered April 29, 2026<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION<br>[NO. 60CV-20-4516] |
| V. | |
| EVAN CONNOLY BETTIS AND MEGAN MARIE BETTIS, TRUSTEES OF THE VICTOR L. BETTIS LIVING TRUST<br>APPELLEES | HONORABLE HERBERT WRIGHT, JUDGE<br><br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Appellants Ameriprise Financial Services, Inc., n/k/a Ameriprise Financial Services, LLC ("Ameriprise"); and Doug Wilson ("Wilson") bring this interlocutory appeal from the July 22, 2024 order of the Pulaski County Circuit Court denying their countermotion to compel arbitration. On appeal, Ameriprise and Wilson argue (1) tort claims are subject to arbitration when the Federal Arbitration Act (FAA) applies; (2) appellees are bound by the arbitration provisions of a contract as third-party beneficiaries; and (3) appellees' claims arise from a contractual agreement and do not sound in tort. We affirm.

I. *Background*

On March 18, 2020, Victor Bettis established the Victor L. Bettis Living Trust. Prior to the creation of the trust, Victor owned an Ameriprise IRA account. Gina Bettis, Victor's wife, was the named beneficiary of Victor's IRA account. Pursuant to the terms of the trust, however, Victor's IRA was to become an asset of the trust. Victor's children, Evan Connoly Bettis and Megan Marie Bettis ("Trustees") allege that a "Tax-Qualified Accounts Designation" changed the beneficiary of Victor's IRA from Gina to the Victor L. Bettis Living Trust and was forwarded by Victor's estate-planning attorney to Wilson, the Ameriprise representative, for processing. They further allege that Ameriprise negligently failed to timely process the beneficiary-change request before Victor's death on July 8, 2020. As a result of such negligence, Gina—rather than Victor's trust—remained the beneficiary when Victor died.

On August 17, Evan and Megan filed suit as the Trustees of the Victor L. Bettis Living Trust against Ameriprise and Wilson. In their complaint, they allege that they are the successor Trustees of the Victor L. Bettis Living Trust, which became irrevocable upon Victor's death. Appellees assert a claim against Ameriprise and Wilson for their negligence in not timely processing the change-of-beneficiary form.

On October 29, 2020, Ameriprise filed its third-party complaint and counterclaim for interpleader against Gina. After Victor's death on July 8, the proceeds of Victor's IRA were used to fund Gina's IRA. Ameriprise alleged that Gina's IRA ownership conflicts with the Trustees' contention that Ameriprise and its representative were negligent. Even though the Trustees assert neither a claim against Gina nor a claim to Gina's IRA, Ameriprise

2

contends that the Trustees and Gina have conflicting claims to the funds in Gina's IRA, and Ameriprise should therefore be permitted to interplead Gina's IRA and be absolved from further liability to Gina for her IRA.

On November 19, Gina filed a motion to compel Ameriprise and Wilson to arbitrate their claims. On December 3, Ameriprise and Wilson filed a countermotion to compel arbitration as to all parties. Following a hearing, the circuit court initially denied Gina's motion and did not rule on Ameriprise and Wilson's countermotion. Gina timely appealed that interlocutory order, and we reversed and remanded the circuit court order, finding that there was a valid arbitration agreement between Gina and Ameriprise and Wilson. *See Bettis v. Ameriprise Fin. Servs., Inc.*, 2023 Ark. App. 350 (*Ameriprise I*).

On remand, the circuit court ordered arbitration as to Bettis's countercomplaint against appellants. Appellants then moved for the circuit court to require appellees to also submit to arbitration. After requesting full briefing on the issue, the circuit court issued a written order:

> The Court finds that Plaintiff's description of the relationship here is correct and, accordingly, the Ameriprise Defendants' Motion to Compel Arbitration as to the Plaintiffs should be, and is hereby, ordered DENIED.
>
> Ameriprise argues that Plaintiffs would be using the contract as sword and shield—taking advantage of it to hale Ameriprise into court but ignoring a contractual duty to arbitrate. The Court finds that the Plaintiffs' claims against the Defendants sound in tort and that they are not suing Defendants pursuant to the terms of a contract. Plaintiffs' case against Defendants is owing to an allegation of breach of a duty of care by failing to properly amend a beneficiary form. Plaintiffs deny that they are a party to any contract with Ameriprise, and the Court agrees that their cause of action against Defendants does not flow from a contractual duty.

Ameriprise now brings this interlocutory appeal.

## II. *Preservation*

An order denying a motion to compel arbitration is immediately appealable pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(12) (2025). We review a circuit court's denial of a motion to compel arbitration de novo on the record. *Courtyard Gardens Health & Rehab., LLC v. Arnold*, 2016 Ark. 62, 485 S.W.3d 669; *Robinson Nursing & Rehab. Ctr., LLC v. Phillips*, 2019 Ark. 305, at 4, 586 S.W.3d 624, 628–29.

It is undisputed that

this court will not consider arguments that are not preserved for appellate review. It is incumbent upon the parties to raise arguments initially to the circuit court in order to give that court an opportunity to consider them. Otherwise, we would be placed in the position of possibly reversing a circuit court for reasons not addressed by that court.

*ProAssurance Indem. Co. v. Metheny*, 2012 Ark. 461, at 18, 425 S.W.3d 689, 699–700 (internal citations omitted). Failure to obtain a ruling on an issue precludes our review on appeal, and "[w]hen a circuit court does not provide a ruling on an issue, it is an appellant's responsibility to obtain a ruling to preserve the issue for appeal." *Pritchett v. Spicer*, 2017 Ark. 82, at 9, 513 S.W.3d 252, 257–58 (internal citations omitted); *see Pines - Progressive Eldercare Servs., Inc. v. Brock*, 2025 Ark. App. 63, at 6, 706 S.W.3d 1, 4 (holding that an issue raised below but not specifically ruled on is not preserved for review).

The Trustees argue that Ameriprise and Wilson have not preserved their first two arguments for appeal, making their third argument irrelevant. Specifically, the Trustees note

4

that Ameriprise and Wilson did not get a specific ruling on the issues of whether the FAA encompasses tort claims, nor did they obtain a ruling as to whether the Trustees were third-party beneficiaries. Ameriprise and Wilson argue that their arguments are preserved by both *Ameriprise I* and through their attempts to get the court to issue specific findings. Both claims are belied by the record.

Specifically, Ameriprise and Wilson allege that "[a]pplication of the FAA to the Ameriprise Individual Retirement Account ("IRA") is the law of the case." In so stating, they misrepresent our holding in *Ameriprise I*. In *Ameriprise I*, this court held that there was a valid arbitration agreement between Ameriprise and Gina Bettis. Gina is not a party to this appeal. This court then specifically held,

> The circuit court did not rule on their countermotion to compel arbitration as to all parties or dismiss the complaint for failure to join a necessary party. Consequently, their countermotion is not ripe for appellate review. "Ripeness is a jurisdictional requirement, and we lack jurisdiction to consider issues that are not ripe for appellate review." *Howard v. Jenkins*, 2019 Ark. App. 15, at 6, 568 S.W.3d 771, 776 (denying appellate review of motion not yet ruled on by circuit court in interlocutory appeal).

*Ameriprise I*, 2023 Ark. App. 350, at 4 Moreover, at no point did this court even mention the FAA in *Ameriprise I*. In fact, Ameriprise and Wilson readily agreed that they were bound by an arbitration agreement with Gina. Thus, *Ameriprise I* did not rule on whether the Trustees were bound by arbitration or whether the FAA applied, and it cannot be used to preserve their current arguments in this appeal.

Ameriprise and Wilson also claim that "[a]fter remand, [they] did everything in their power to obtain rulings on [their] own motion to compel arbitration." Specifically, they note

that they sent several letters to the court, requested that the circuit court rule on their motion, and prepared their own order for the circuit court to sign. The record does not support this finding. The mandate in *Ameriprise I* was filed in the case below on October 3, 2023. Since that date, Ameriprise and Wilson have filed only a single motion with an attached order. In the motion, Ameriprise and Wilson did not discuss the appellees at all. Yet, in their proposed order, they added the language "Defendants' Counter Motion to Compel Arbitration is GRANTED. Plaintiffs shall submit their dispute to FINRA arbitration." The circuit court initially signed this order before it issued a new order holding the following:

> The second Order entered by the Court on April 1, 2024, ordering Ameriprise and Doug Wilson to arbitrate with all parties, granting Defendants' Counter-Motion to Compel Arbitration with FINRA, is inconsistent with the remand and Opinion from the Arkansas Court of Appeals. It was entered in error by this Court and should be set aside.

Ameriprise and Wilson then submitted a new proposed order in which the only change made was that Gina was required to arbitrate through the AAA instead of the FINRA. The court issued an order stating it would "not entertain Ameriprise's amended proposed order" because it was moot. At no point, postmandate, do Ameriprise and Wilson attempt to obtain a ruling on whether the Trustees were third-party beneficiaries. Ameriprise and Wilson also failed to request a ruling on whether the FAA encompasses tort claims.

Therein lies the problem: the circuit court never specifically ruled on these issues. As a result, we do not address them now. The mere fact that Ameriprise and Wilson argued these issues below is not sufficient to preserve them for appeal now. *See Mabe v. Latco Constr.,*

6

*Inc.*, 2023 Ark. App. 154, at 10, 662 S.W.3d 717, 723 ("Although we agree that appellants raised [the issue] below, albeit intermittently, the law is well settled that in the absence of a ruling, it is not preserved for our review.").

Thus, since we find that Ameriprise and Wilson's first two points on appeal are not preserved, we need not reach their third point—whether the Trustees' claim sounds in tort or contract—because it is irrelevant to the issue of arbitration before us. Accordingly, we affirm the circuit court's order denying Ameriprise and Wilson's countermotion to compel the Trustees to arbitrate.

Affirmed.

VIRDEN and HARRISON, JJ., agree.

*Kutak Rock LLP*, by: *Andrew King* and *McKenzie L. Raub*, for appellants.

*The Jiles Firm, LLP*, by: *Matthew K. Brown* and *Thomas V. Vinson*, for appellees.